GERALD S. NALLY, administrator,[1] *vs.* VOLKSWAGEN OF
AMERICA, INC., & another.[2]

Middlesex. March 6, 1989. — June 15, 1989.

Present: WILKINS, LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Wrongful death, Summary judgment, Preservation of evidence, Loss of evidence, Findings by judge. *Evidence,* Relevancy and materiality, Scientific test, Expert opinion. *Motor Vehicle,* Defect.

Where an expert, either before or after being retained by a party to a civil action, has removed an item of physical evidence and the item has subsequently disappeared, or the expert has caused a change in the substance or appearance of the item in circumstances that the expert knew or reasonably should have known that that item in its original form might be material to litigation, the judge, at the request of a potentially prejudiced litigant, should preclude the expert from testifying as to observations of such item before its disappearance or alteration and as to any opinion based thereon. [196-198]

In a manufacturer's liability case this court vacated summary judgment for the defendants, which had been ordered after the judge allowed their "spoliation" motion for the preclusion of certain expert testimony; this court remanded the case for the judge to make, on the record, preliminary findings whether the plaintiff's expert had deliberately or negligently caused the destruction of certain physical evidence while conducting scientific tests and for the judge to determine, based on these findings, the appropriate limitations on the expert's testimony. [198-199]

CIVIL ACTION commenced in the Superior Court Department on January 5, 1984.

The case was heard by *Hiller B. Zobel,* J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Barry C. Reed, Jr.* (*Barry C. Reed, Sr.,* with him) for the plaintiff.

*James L. Sigel* (*Katrina Weinig* with him) for the defendants.

[1] Of the estate of Brian H. Nally.

[2] Volkswagenwerk A.G.

O'CONNOR, J. This is a wrongful death action. The plaintiff, administrator of the estate of his son, Brian Nally, alleges defects in the rear seat and the hatchback latching systems of an automobile in which Brian Nally was a passenger. The plaintiff alleges that the automobile was designed, manufactured, and sold by the defendants, Volkswagen of America, Inc., and Volkswagenwerk A.G. (hereinafter collectively referred to as Volkswagen). This is the plaintiff's appeal from an order of a judge in the Superior Court granting summary judgment for Volkswagen. The order was based on the plaintiff's counsel's in-court admissions that, without certain expert testimony that the judge had precluded in response to a pretrial "spoliation" motion by Volkswagen, the plaintiff would be unable to present a prima facie case. We transferred the case to this court on our own initiative. We vacate the summary judgment, and remand this case to the Superior Court for fact finding by the judge and further consideration in light thereof.

The plaintiff's complaint alleges that "[o]n or about May 16, 1981, Brian H. Nally was a lawful passenger in the rear seat of the [Volkswagen] Rabbit, which was being operated by David Boyce . . . when the [automobile] struck a guard rail. On impact, the rear seat frame supports and hatchback door latch gave way causing Brian H. Nally to be ejected from the rear seat of the vehicle onto the pavement, thus leading to his death." Volkswagen denied the plaintiff's allegations as to the cause of the decedent's death. After extensive discovery, Volkswagen moved that the judge preclude certain testimony from the plaintiff's accident reconstruction expert, Bradford Schofield, charging that "in complete disregard of what should have been a very high priority of Mr. Schofield as an investigating engineer," Schofield "systematically spoliated . . . important items of physical evidence . . . by destroying, carrying out destructive testing on, failing to preserve and/or misplacing such [evidence]. Because direct physical evidence of the condition of these items prior to spoliation would have been of great importance in any evaluation of Schofield's factual theories of liability, and because his acts have deprived defendants of a chance to present such direct evidence to the jury, it

would be highly unfair to the defendants to permit him to testify thereon." Specifically, the defendants sought to preclude the plaintiff "from offering any testimony of Mr. Schofield concerning: (i) the condition or behavior of, or any of the forces acting on, the items listed below from said 1978 Volkswagen Rabbit before, during or after said automobile accident; or, (ii) any alleged role such items played in causing the death of plaintiff's decedent Brian Nally. The items from the 1978 Volkswagen Rabbit which were spoliated by Mr. Schofield and to which it is prayed that the order requested above apply include: (i) The latching system for the 1978 Volkswagen Rabbit's rear hatch door, including (a) the latch mechanism; (b) the striker assembly; and (c) the mounting screws for the latch mechanism and the striker assembly. (ii) Parts of the rear seat of the 1978 Rabbit, including: (a) the rear seat back — including its upholstery; (b) the lower mounting bolts for the rear seat back; and (c) a shoulder bolt which supported the top of the rear seat back." The judge did not conduct an evidentiary hearing. He did not expressly find any facts. He allowed Volkswagen's motion in its entirety without explanation. The plaintiff then moved for reconsideration, stating in his motion that "[t]he allowance of this motion has placed the equities overwhelmingly on the side of the defendants and further, by limiting Mr. Schofield's testimony, the plaintiff is precluded from presenting a prima facie case. In essence the Court's order is dispositive of the case." The judge denied the plaintiff's motion for reconsideration. The plaintiff then petitioned a single justice of the Appeals Court under G. L. c. 231, § 118 (1986 ed.), for interlocutory review of the judge's order. In support of that petition, the plaintiff again stated that "[t]he allowance of the defendants' motion has severely prejudiced the plaintiff's case in that the plaintiff's only accident reconstruction expert, by virtue of the broad terms of the Court's Order, will be precluded from offering vital testimony . . . . By limiting Mr. Schofield's testimony, the plaintiff is precluded from presenting a prima facie case. . . ." The single justice denied the petition.

Volkswagen next moved for summary judgment. The motion was based on the statements made by the plaintiff's counsel in connection with the plaintiff's motion for reconsideration and his petition for interlocutory review that the judge's ruling on the spoliation issue "precluded [the plaintiff] from presenting a prima facie case" and was "dispositive of the case." The plaintiff's response to Volkswagen's motion for summary judgment consisted of two documents. In one of these, the plaintiff stated that, as a result of the judge's order limiting the admissibility of Schofield's testimony, "the plaintiff will not be able to present a prima facie case when this matter is ultimately tried." "However," the document continued, "if the Court would allow the plaintiff to substitute Mr. Schofield with another accident reconstruction expert, then the perceived dispositive effect of the Court's order would be eliminated." The second document filed by the plaintiff in response to Volkswagen's summary judgment motion was a motion "to allow the plaintiff to substitute the plaintiff's present accident reconstructionist, Bradford Schofield, with Mr. Fred Arndt." Again, the plaintiff asserted that the judge's order on Volkswagen's spoliation motion effectively precluded the plaintiff from establishing a prima facie case, but, the motion said, "if the Court would allow the plaintiff to name Mr. Fred Arndt as his new expert then any prejudicial effect of the previous order would be vitiated and the parties would again be placed on an equal footing." Although the motion to substitute Arndt as an expert was accompanied by a statement of Arndt's qualifications, nothing was submitted that would show what Arndt's anticipated testimony would be. The judge took no action for approximately six months, and then, without expressly ruling on the motion to substitute experts, he allowed Volkswagen's summary judgment motion without explanation.

"Rule 56 (c) of the Massachusetts Rules of Civil Procedure, 365 Mass. 824 (1974), provides that summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and *admissions* on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law.' 'The party moving for summary judgment assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue, even if he would have no burden on an issue if the case were to go to trial.' *Pederson* v. *Time, Inc.*, [404 Mass.] 14, 17 (1989). *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 371, cert. denied sub nom. *Bailey* v. *Bellotti*, 459 U.S. 970 (1982)." (Emphasis added.) *Leavitt* v. *Mizner*, 404 Mass. 81, 88 (1989). The single argument that Volkswagen made in the trial court, and therefore the only argument we address on appeal, is that, by focusing on the plaintiff's repeated admission that he is unable to establish a prima facie case, Volkswagen has affirmatively shown that there is no genuine issue as to any material fact, and that they are entitled to judgment as a matter of law.

We agree with Volkswagen that the plaintiff does not escape the consequence of his admissions by having moved for leave to substitute Arndt for Schofield as an expert witness. At least in the absence of any assurance as to what Arndt's testimony would be, the judge was not required to allow the substitution motion. Instead, the question whether the plaintiff is "out of court" depends on whether the condition on which the plaintiff's admission was premised has been established. It is clear that the plaintiff's only admission was that, if the judge's order as a result of Volkswagen's spoliation motion survives review, then the plaintiff will be unable to establish a prima facie case. Therefore, whether summary judgment for the defendants is appropriate turns on whether the judge's order limiting — effectively precluding — Schofield's testimony was within the judge's discretion.

The plaintiff's expert, Schofield, testified in a deposition that he had conducted tests on the hatchback door latch mechanism and striker assembly and that, in his opinion, due to a defect in the mechanism, "the post portion of the striker assembly [improperly] passed through a space on the back side of the latch mechanism" during the accident, allowing the hatchback door latch to give way, thereby contributing to the decedent's death. In support of their motion to preclude Schofield's testimony, Volkswagen submitted the affidavit of

its expert expressing disagreement with Schofield's opinion, and stating that, on the basis of experiments conducted under the affiant's supervision on exemplar latch mechanisms, "when the [striker] post is so driven through this space, it causes deformation to the metal of the latch mechanism which defines such space; and, that, consequently, the absence of such deformation of such metal on a latch mechanism indicates that the striker post has never been forcibly passed through such space." Volkswagen's expert further stated that he examined and photographed the latch mechanism in question in April, 1986, and again in 1987, and that in 1986 his examination did not disclose deformation, indicating that the striker post had never been forcibly passed through the space at the back side of the latch mechanism. However, according to the affidavit, his 1987 examination did disclose such deformation. Thus, he concluded that Schofield's testing "destroyed very important physical evidence in this case." In addition to focusing on the hatchback door latch mechanism, Volkswagen's expert's affidavit also dealt with the screws, bolts, and rear seat back as described in the spoliation motion which allegedly were removed and not preserved by Schofield. The result, according to the affidavit, was to deprive Volkswagen of potentially significant evidence with respect to forces at play in the accident.

"The general rule to be followed in this Commonwealth is that all relevant evidence is admissible unless within an exclusionary rule." *Poirier* v. *Plymouth*, 374 Mass. 206, 210 (1978). Volkswagen does not argue that evidence of Schofield's observations of the latch mechanism, screws, bolts, and upholstery, or his opinions concerning the cause of Nally's death are irrelevant. The question, therefore, is whether such evidence falls within an exclusionary rule that either has been or ought to be established in this Commonwealth.

In the criminal context, we have held that the right to a fair trial entitles a defendant to relief where potentially exculpatory evidence has been lost or destroyed through the inadvertence, negligence, or bad faith of the Commonwealth, and the defendant can establish " 'a "reasonable possibility, based on concrete evidence rather than a fertile imagination' " that access to the

[evidence] would have produced evidence favorable to his cause.'" *Commonwealth* v. *Olszewski*, 401 Mass. 749, 754 (1988), quoting *Commonwealth* v. *Neal*, 392 Mass. 1, 12 (1984). *Commonwealth* v. *Willie*, 400 Mass. 427, 432 (1987). Appropriate relief requires balancing "the culpability of the Commonwealth, the materiality of the evidence and the potential prejudice to the defendant." *Id.*

We have also recognized, in the context of civil litigation, that fairness may require the exclusion of relevant evidence where its probative value is far exceeded by its potential for improper and highly prejudicial effect. See *Green* v. *Richmond*, 369 Mass. 47, 60-61 (1975). Also, in *Anselmo* v. *Reback*, 400 Mass. 865 (1987), we affirmed a Superior Court judge's pretrial ruling that the declaration of a deceased person, made for the purpose of perpetuating the declarant's testimony, but without giving notice and an opportunity to cross-examine to potentially affected parties, would be inadmissible. We reasoned, in part, that although G. L. c. 233, § 65, removed the hearsay rule as an obstacle to admissibility, the statute "does not purport to remove other obstacles grounded in fairness." *Id.* at 869. Trial judges have "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. . . . Within this discretion lies the power to exclude or deny expert testimony . . . and to exclude testimony of witnesses whose use at trial is in bad faith or would unfairly prejudice an opposing party" (citations omitted). *Campbell Indus.* v. *M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980). See *Lewis* v. *Darce Towing Co.*, 94 F.R.D. 262, 268 (W.D. La. 1982); *Barker* v. *Bledsoe*, 85 F.R.D. 545 (W.D. Okla. 1979).

We conclude that, in a civil case, where an expert has removed an item of physical evidence and the item has disappeared, or the expert has caused a change in the substance or appearance of such an item in such circumstances that the expert knows or reasonably should know that that item in its original form may be material to litigation, the judge, at the request of a potentially prejudiced litigant, should preclude the expert from testifying as to his or her observations of such items before he or she altered them and as to any opinion based

thereon. The rule should be applied without regard for whether the expert's conduct occurred before or after the expert was retained by a party to the litigation. The reason for the rule is the unfair prejudice that may result from allowing an expert deliberately or negligently to put himself or herself in the position of being the only expert with first-hand knowledge of the physical evidence on which expert opinions as to defects and causation may be grounded. Furthermore, as is possible in this case, the physical items themselves, in the precise condition they were in immediately after an accident, may be far more instructive and persuasive to a jury than oral or photographic descriptions of them. As a matter of sound policy, an expert should not be permitted to intentionally or negligently destroy or dispose of such evidence, and then to substitute his or her own description of it.

In this case, whether Schofield did in fact deliberately or negligently alter the rear hatchback latch mechanism, or deliberately or negligently did in fact lose or contribute to the loss of material items such as bolts, screws, or upholstery, potentially prejudicing Volkswagen, are factual questions which must be resolved in advance of a ruling on the admissibility of Schofield's testimony. It has long been the rule in this Commonwealth that, "when, in order to pass upon the admissibility in law of a given piece of evidence, it becomes necessary to determine a preliminary question of fact," the judge must determine that question on the basis of adequate evidence. *Slotofski* v. *Boston Elevated Ry.*, 215 Mass. 318, 320 (1913) (in course of determining whether statement of decedent was made in good faith, judge was warranted in determining that the statement had not been made). See *Blais-Porter, Inc.* v. *Simboli*, 402 Mass. 269, 273 (1988); *DiMarzo* v. *American Mut. Ins. Co.*, 389 Mass. 85, 105 (1983). "It is for 'the judge . . . to decide all questions on the admissibility of evidence . . . [and] any preliminary questions of fact, . . . the solution of which may be necessary to . . . determine the . . . question of admissibility.'" *Fauci* v. *Mulready*, 337 Mass. 532, 540 (1958), quoting *Gorton* v. *Hadsell*, 9 Cush. 508, 511 (1852). The judge, then, must make preliminary findings in order to

determine whether Schofield's testimony should be admitted in full or limited and, if it should be limited, the extent of the limitation. The order should go no further than to preclude tainted testimony.

Volkswagen argues that the judge's allowance in toto of its spoliation motion imports his finding of all the facts essential to that ruling. Volkswagen points to the last sentence in Mass. R. Civ. P. 52 (a), 365 Mass. 861 (1974), that says, "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41 (b) (2) [which is not applicable to this case]." Despite rule 52 (a), however, we view the issue as one of admissibility of evidence turning on the resolution of questions of fact which we cannot fairly assume on this record were confronted and resolved by the judge. Therefore, we vacate the order relative to Schofield's testimony, we vacate the order to which that order led, namely the order granting summary judgment, and we remand for findings in accordance with this opinion. The admissibility of Schofield's testimony will depend on those findings. If appropriate, Volkswagen may then file a new motion for summary judgment. Also, if appropriate, the judge may decide whether to allow the plaintiff to present an expert witness in substitution for, or in addition to, Schofield.

*So ordered.*