Dortch-Okara, J.
INTRODUCTION
This is a negligence action arising from an injury George Kippenhan sustained while being transported by Chaulk Services, Inc. (hereinafter, “Chaulk”) on a stretcher. Chaulk has brought a third-party action against Ferno-Washington, Inc., the alleged manufacturer of the stretcher. This matter is before the court on Ferno-Washington’s motion for summary judgment on the third-party complaint. For the reasons stated below, Femo-Washington’s motion is allowed.
BACKGROUND
The summary judgment record includes the pleadings of the parties and admissible evidence from deposition testimony, signed affidavits, and exhibits submitted by the parties. To the extent that the facts are disputed, I accept the version most favorable to Chaulk, as the non-moving party. These facts are as follows:
On June 5, 1992, two Chaulk employees were transporting the plaintiff, George Kippenhan, by stretcher. Mr. Kippenhan weighed 325 pounds at the time. One of the Chaulk employees, Paul Reynolds, attempted to lower Mr. Kippenhan by lifting the stretcher to release a locking mechanism. As he did so, a bar at the foot of the stretcher snapped. Mr. Kippenhan fell and sustained nerve damage to his ankle and foot. Mr. Kippenhan subsequently brought a negligence action against Chaulk on December 29, 1992.
Chaulk filed a third-party complaint against Ferno-Washington, seeking indemnification and contribution. Chaulk alleges that the stretcher was a Model 30 manufactured by Ferno-Washington and that negligent design of the stretcher caused Mr. Kippenhan’s injuries. Specifically, Chaulk alleges that although Ferno-Washington claimed the stretcher could support up to 400 pounds in weight, a design defect in its telescoping arm caused it to fail under Mr. Kippenhan’s 325 pounds.
Chaulk stored the stretcher after the accident and cannot now account for its whereabouts or produce the stretcher for inspection by Ferno-Washington. Additionally, it cannot identify the serial number of the stretcher or produce any purchasing records relating to the stretcher. While there is no evidence that Chaulk intentionally “lost” the stretcher, it is worth noting that Mr. Kippenhan’s complaint was filed only six months after the incident.
In support of its claim that Ferno-Washington manufactured the stretcher, Chaulk has submitted undisputed evidence that at the time of the accident Chaulk used only Model 30 stretchers manufactured by Ferno-Washington, and that this particular stretcher had a Ferno-Washington tag attached to it. For the purposes of this motion, I accept that the stretcher was a Model 30 manufactured by Ferno-Washington.
To prove its claim that the accident was caused by a design defect in the Ferno-Washington stretcher, Chaulk intends to offer testimony of an expert witness who examined a single Ferno-Washington Model 30 stretcher and concluded that the telescoping arm would fail at or below a load of 400 pounds. It also intends to offer the testimony of Chaulk employee Paul Reynolds that he examined the stretcher prior to the accident and noticed no defects, thus eliminating misuse by Chaulk or another entity as a possible cause of the accident.
Ferno-Washington has moved the court to exclude the testimony of Reynolds and Chaulk’s expert as to the condition of the stretcher, and to dismiss the case. Since the motion is supported by evidentiary submissions, the court treats it as a motion for summary judgment.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the party moving for summary judgment does not have the burden of proof at trial, this burden may be met by either submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communication Corp., 410 Mass. 805, 809 (1991). Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the *646 motion must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. Pederson, supra at 17.
EXCLUSION OF TESTIMONY
In civil litigation, fairness may require the exclusion of relevant evidence where its probative value is far exceeded by its potential for improper and highly prejudicial effect. Nally v. Volkswagen of America, Inc., 405 Mass. 191, 197 (1989). The Supreme Judicial Court has held that where an expert has examined an item of physical evidence and the item has disappeared, the judge, at the request of a potentially prejudiced litigant, should preclude the expert from testifying about his or her observations of the item or any opinion based thereon. Id. at 197-98. The reason for this rule is the unfair prejudice that may result from allowing an expert deliberately or negligently to put himself or herself in the position of being the only expert with first-hand knowledge of the physical evidence on which opinions about defects and causation may be grounded. Id. at 198. Further, because the physical items themselves, in the precise condition they were in immediately after an accident, may be far more instructive and persuasive to a jury than oral descriptions of them, as a matter of sound policy an expert should not be permitted to intentionally or negligently destroy or dispose of such evidence, and then to substitute his or her own description of it. Id.
Exclusion of Expert Testimony
Ferno-Washington argues that testimony by the expert witness about the design defect should be excluded. I do not agree. The testimony would not be based on an examination of the misplaced stretcher involved in the accident, but rather on an examination of a stretcher typical of the Ferno-Washington Model 30 design. Ferno-Washington would be free to make its own examination of that line of stretchers and rebut Chaulk’s claim with any evidence that the design of its stretchers has evolved so much over the years that examination of a random Model 30 stretcher is probably not indicative of the design of the particular unidentified stretcher involved in the accident.[3]
Exclusion of Reynolds’s Testimony
Ferno-Washington also argues that testimony of Paul Reynolds regarding the condition of the stretcher prior to the accident should be excluded. The court agrees. The Supreme Judicial Court stated in Natty that a party is unfairly prejudiced when, due to the fault of the other party, it is unable to examine an object which is the subject of expert testimony by the other party. This rationale applies equally to lay witnesses. Reynolds’s testimony regarding the condition of the stretcher prior to the accident would unfairly prejudice Ferno-Washington, which, due to fault by Chaulk, is unable to examine the stretcher and present evidence to rebut Reynolds’s perceptions. Reynolds’s testimony regarding the condition of the stretcher must therefore be excluded.
EVIDENCE OF CAUSATION
In a products liability case, the plaintiff must show there is a greater probability than not that the accident resulted from the defendant’s negligence. Enrich v. Windmere Corp., 416 Mass. 83 (1993). To show that a defect is attributable to a manufacturer in a design defect action, the plaintiff must show that the defect existed at the time the product left the manufacturer. Smith v. Ariens Co., 375 Mass. 620, 626 (1978). It is incumbent on the plaintiff to show that the product had not been improperly handled after leaving the control of the defendant. Coyne v. John S. Tilley Co., Inc., 368 Mass. 230, 236 (1975).
The rule in Coyne makes clear that Chaulk must submit evidence that a design defect, not mishandling, alteration, or faulty repair of the stretcher after it left Ferno-Washington’s control, caused the accident. In the absence of Reynolds’s testimony about the condition of the stretcher, Chaulk is left without sufficient evidence of such causation. Since Chaulk is unable to put forth sufficient evidence on an essential element of its claim, summary judgment is appropriate.
ORDER
For the foregoing reasons, it is ORDERED that the defendant’s motion for summary iudgment be ALLOWED.

 In fact, Ferno-Washington has argued that the telescopic frame of the Model 30 stretcher has undergone evolutionary changes over a period of 36 years.