**CIRCUIT COURT OF FAIRFAX COUNTY**

E. Landon Delaney

v.

LaReine S. Sabella

October 5, 1995

Case No. (Law) 139261

BY JUDGE JANE MARUM ROUSH

This matter came before the Court on September 15, 1995, on the plaintiff's "Motion to Exclude and/or in Limine." The plaintiff seeks to exclude all testimony by the defendant's witnesses related to the results of a Pap smear test because the Pap smear slide has been lost by one of the defendant's expert witnesses, and the plaintiff's experts have not been able to examine the slide. At the hearing on the motion, the Court took the matter under advisement. I have now had the opportunity to review the motion and response submitted by counsel. For the reasons stated below, the motion to exclude the evidence is granted.

*Facts*

The facts of this case may be briefly summarized. This medical malpractice case arises from the alleged failure of the defendant, Dr. LaReine S. Sabella, to diagnose the plaintiff's ectopic pregnancy. The plaintiff sought treatment from the defendant for intermenstrual bleeding. The defendant took a Pap smear from the plaintiff but found that the plaintiff was not bleeding. At that time, the plaintiff in fact had an ectopic pregnancy which later ruptured, and the plaintiff underwent emergency surgery. A key issue in the case is whether the plaintiff was bleeding when she initially presented for treatment.

Dr. Sabella sent the Pap smear for analysis to a laboratory in New York City that is operated by Dr. Ralph M. Richart. Dr. Richart has been identified as an expert witness on behalf of the defendant. Dr. Richart analyzed the Pap smear slide and prepared a written report based on his observa-

tions and analysis. The slide itself, however, has been lost by Dr. Richart's laboratory. Despite repeated requests, the slide has never been produced for inspection and analysis by Ms. Delaney's experts.[1] Dr. Sabella has identified five experts (including Dr. Richart) that she may call at trial who will offer opinions based in whole or in part on the results of Dr. Richart's examination of the Pap smear slide. Dr. Richart is the only expert witness who actually examined the slide before it was misplaced.

Ms. Delaney argues that it "would be patently unfair and unjust for Defendant to be able to introduce . . . any evidence or testimony related to the Pap Smear" which was lost when in the exclusive possession and control of defendant's expert. She moves that all such evidence be excluded.

### *Preclusion of Testimony Related to Misplaced Evidence*

Counsel has cited no Virginia case on the issue of the admissibility of testimony related to physical evidence that remains lost or misplaced at the time of trial. *Compare, First Charter v. Middle Atlantic*, 218 Va. 309, 237 S.E.2d 145 (1977) (it was within the trial court's discretion to admit evidence that had been misplaced but was found one week prior to trial). There are, however, several cases from federal courts and other states that are persuasive.

For example, in *Headley v. Chrysler Motor Corp.*, 141 F.R.D. 362 (D. Mass. 1991), the court precluded the plaintiffs from presenting any expert evidence concerning defects in the vehicle that was the subject of the product liability action because key parts of the vehicle had been lost or destroyed before the defendant could inspect them. In *Headley*, the plaintiffs sustained injuries in an automobile collision. The plaintiffs alleged that their injuries were caused in part by a defect in the automobile design, specifically the front seat and seat belt design. The plaintiffs' first expert examined and photographed the vehicle and removed the front seat, track, sliding mechanism, and seatbelt from the vehicle. The expert removed four bolts which secured the seat to the floor and subsequently lost the bolts. The seatbelts were subsequently destroyed, and later, the car was crushed. After the vehicle was destroyed, the plaintiffs retained a second expert to testify regarding the restraint system in the vehicle, although he

---

[1] Dr. Richart has informed Ms. Delaney's counsel that, "We have . . . subsequently made efforts to locate [the slide], but they have been unsuccessful. If it is located, it will be made available for your review."

never examined the vehicle or the seatbelts. The defendant had no opportunity to examine the vehicle and front seat in their original post-accident position, the bolts, the seatbelts, or the vehicle itself. *Id.* at 362-64.

The *Headley* court found that the defendant manufacturer was prejudiced by the inability of its experts to review the relevant evidence, that the prejudice could not be cured, and that the evidence that was lost or destroyed was crucial to the case. Accordingly, the court ruled that, although the loss or destruction of the evidence was not malicious, preclusion of expert testimony as to the lost or destroyed evidence was the appropriate remedy. *Accord, Fire Ins. Exch. v. Zenith Radio Corp.,* 747 P.2d 911 (Nev. 1987).

Similarly, in *American Family Ins. Co. v. Village Pontiac GMC, Inc.,* 223 Ill. App. 3d 624, 585 N.E.2d 1115 (1992), the court excluded all evidence as to the condition of an automobile that had been destroyed by plaintiff. In that case, the plaintiff's insured purchased a vehicle which caught fire in the insured's garage, thereby setting the entire house on fire. The insurance company retained investigators and experts to testify as to the origin of the fire. The plaintiff's expert, an electrical engineer, recovered the wires which he believed caused the fire in the automobile. Seven months later, a salvage company destroyed the vehicle, although the expert retained the wires. The trial court excluded evidence regarding the car and wires because the vehicle had been destroyed before the defendant examined it. The plaintiff appealed, contending that the photographs of the vehicle, the wires, and the testimony regarding the scene were all still available.

The court in *American Family* concluded that all evidence related to the automobile should be excluded, even though there was no court order compelling production of the evidence or barring destruction of the evidence. The court reasoned that:

> As a matter of sound public policy, an expert should not be permitted intentionally or negligently to destroy such evidence and then substitute his or her own description of it.

*Id.* at 1118, *citing, Nally v. Volkswagen of Am., Inc.,* 405 Mass. 191, 539 N.E.2d 1017 (1989). The appellate court held that barring all evidence, including the photographs and wires, was not an abuse of discretion because the defendants did not have the opportunity to inspect the car and were only able to observe evidence gathered by the plaintiffs. *Id.*

The case at bar is very similar to *Headley* and *American Family*. Here, the essential evidence was misplaced while it was in the exclusive possession of the defendant or her expert witness. The very content of the Pap smear slide is disputed; the defendant's experts will testify, based on Dr. Richart's observation of the slide, that the plaintiff was not bleeding when she sought treatment by Dr. Sabella. The plaintiff's expert will testify that all Pap smear contain some blood. Both sides agree that whether the plaintiff was bleeding when she sought treatment is critical to a determination of whether Dr. Sabella violated the standard of care for gynecologists in failing to diagnose an ectopic pregnancy. This Court finds that the plaintiff is prejudiced by the inability of her experts to examine the slide, that the prejudice is not curable, and that the slide that was lost is crucial evidence in this case.

Under Rule 4:12(b)(2)(B) of the Rules of the Supreme Court of Virginia, a court may order sanctions against a party in which an action is pending for failure to provide discovery, including prohibiting a party from introducing designated matters into evidence. Ordinarily, before such sanctions may be ordered, the party who is sanctioned must have violated a court order compelling discovery. In this case, however, the Court need not first go through the useless exercise of compelling production of the slide which the defendant concedes has been lost for some time. The Court concludes that preclusion of all testimony, expert or otherwise, about the misplaced Pap smear slide (including Dr. Richart's report about the Pap smear slide) is the appropriate remedy for the prejudice suffered by the plaintiff due to the inability of her experts to examine this crucial evidence that was lost while in the exclusive possession or control of defendant and/or her experts. Cf. *Cole v. Keller Industries, Inc.*, 872 F. Supp. 1470 (E.D. Va. 1994) (summary judgment awarded to defendant where plaintiff's expert conducted destructive testing of crucial evidence and prejudice to defendant was irreparable).

For the foregoing reasons, the Plaintiff's motion to exclude testimony related to the Pap smear is granted.