McHugh, J.
1. Background
Defendants Paul Campbell and James Granitsas have moved to dismiss this action for failure on the part of the plaintiff, Jerzy Novosielski, to comply with an Order entered by this Court on July 25, 1994. The plaintiff admits that he did not comply with the Court Order but argues that circumstances beyond his control, and about which he elected not to inform the Court, prevented his doing so. He also argues that the Order in question was not designed to confer rights on the defendants and therefore they should not be entitled to take advantage of his failures and omissions.
2. Facts
Factually, this action arises out of a seizure by a constable of certain computer and computer parts in plaintiffs hands. For present purposes the circumstances giving rise to the seizure, the parties’ contentions regarding its propriety and all of the surrounding details are irrelevant. Suffice it to say that the properly wound up in the hands of an organization known as Space Rental, Inc. where it was held for storage. After commencement of this action, Space Rental moved for leave to intervene and to file a complaint for inter-pleader so it could divest itself of the properly and ward off claims against it by the contending parties.
Space Rental’s motion to intervene was allowed. Thereafter, by Order dated July 25, 1994 (Paper No. 15), Space Rental’s interpleader claim was, in effect, allowed. The pertinent portions of the Order allowing the interpleader are as follows:
(2) Space Rental, Inc., is hereby ordered to release the property that is the subject of this action to plaintiff . . . upon reasonable notice and the payment ... to Space Rental, Inc. of its storage and related charges . . .
(3) Upon receipt of the property as described in paragraph 2 above, plaintiff ... is hereby ordered to inventory said property and to return to its customers forthwith any item of property that was placed with [plaintiff] on consignment or for repair. Property belonging to [plaintiff] shall be held and stored by plaintiff, at his expense.
Space Rental complied with the Order and returned the relevant property to the plaintiff. This action then proceeded, albeit somewhat indifferently, with discovery and other pretrial activity.
On or about February 25, 1997, following a pretrial conference, the Court entered the third in a series of procedural orders designed to assist the parties, and the Court, in preparing for trial what had by then become a needlessly complicated action. The Order, entitled Procedural Order III, provided in pertinent part as follows:
(4) No later than March 11, 1997, plaintiff shall provide . .. defendants with a copy of the inventory plaintiff prepared in accordance with the earlier order of this Court.[1]
The “earlier order of this Court” was the Order of July 25, 1994 embodied in Paper No. 15. The inventory that earlier Order required was discussed at some length during the course of the February 25, 1997 pretrial conference.
Plaintiff did not provide defendants with the inventory by March 11, 1997. Instead, his counsel sent to other counsel a letter stating in pertinent part as follows:
We realize that a full inventory of the computer equipment in question was due to be submitted to the parties as of yesterday; however, my client informs me that the inventory will require more time to complete. We are expediting these efforts and will forward the inventory on to you all as soon as possible.
The inventory, however, was never completed and was never furnished to the other parties. Indeed, it never will be completed. In an affidavit he filed in support of his opposition to defendants’ present motion, plaintiff stated as follows:
(1) Some of the components which were held in storage by Space Rental, Inc. belonged to customers of [plaintiff].
(2) Because of the disorganized state in which the equipment was returned to me, I was unable to complete a comprehensive inventory in a timely *363 manner before returning the components to their rightful owners.
(3) Therefore, I first identified those items which properly belonged to customers and returned them promptly.
(4) As a result of the disarray and the need to return the computers to their rightful owners early on, I never have been able to prepare a complete inventory, but some partial inventories have been made.
In addition to requiring plaintiff to provide defendants with a copy of the inventory, Procedural Order III also required plaintiff “at a mutually agreeable time and place no later than March 11, 1997 [to] permit defendants to look at the inventory plaintiff is holding pursuant to the earlier order of this Court.”[2] When, on April 30, 1997, defendant James Granitsas inspected that inventory at 130 Brookline Street in Cambridge, Massachusetts, however, plaintiff told him that he had sold some of the equipment that had been returned to him because he feared economic loss due to depreciation. Plaintiff further told Mr. Granitsas that he could not be sure what percentage of the inventory was still in his possession. Granitsas’ affidavit, ¶¶4, 5 (Paper No. 62).
The long and short of the matter, then, is that the property originally taken from plaintiff was returned to him following a court proceeding in which he was specifically ordered to inventory the property before returning any of it to its rightful owners. Following the inventory, he was to return to the rightful owners the property they owned and then was to hold the rest at his own expense. Quite clearly, that Order was designed to provide a mechanism for contemporaneously establishing precisely what had been returned to plaintiff and for allowing the return of property to customers after a comprehensive and accurate record had been created so that plaintiff would have an accurate and comprehensive basis for any claims he might make regarding property that had not been returned.
Manifestly, plaintiff elected to comply with neither the portions of the Order regarding an initial inventory nor with portions regarding his continuing to hold his own property. Instead he elected to return property to the “rightful owners” without fully cataloguing what it was he was giving back and he elected to sell some property that he was required to hold until further order of the court. He clearly did all of that because he thought that proceeding in that fashion was preferable to proceeding in the manner the court had ordered.[3]
Plaintiffs assertion that the disarray in which the equipment was returned made inventory impossible before returning goods to customers is nonsense. Surely each item that was being returned could have been catalogued as it was going out the door on its way back to the rightful owner. Later, the remaining material could have been examined and serial numbers and descriptions could have been obtained as the materials sat at a warehouse until their disposition.[4]
3. Conclusions
The facts are clear. The question is what should be done about them.[5] Neither party has cited any case precisely on point and the Court is aware of no case decided by an appellate court of the Commonwealth precisely like this one. In Nally v. Volkswagen America, Inc., 405 Mass. 191 (1989), however, an expert hired by the plaintiff had conducted some tests on parts of an automobile that had been involved in an accident. During the course of the testing, the expert had destroyed those parts. Those parts thus were no longer available for later examination and replicate testing by the defendant. The defendant, in effect, moved to dismiss the case and that motion was allowed in the trial court. On appeal, the Supreme Judicial Court reversed but, in the process, set out the remedy that is to be utilized in the event of an expert’s intentional or negligent spoliation of evidence that is material to a case in which the expert has been hired to testify. The Court’s remedy is worth quoting in full:
We conclude that, in a civil case, where an expert has removed an item of physical evidence and the item has disappeared, or the expert has caused a change in the substance or appearance of such an item in such circumstances that the expert knows or reasonably should know that the item in its original form may be material to litigation, the judge, at the request of a potentially prejudiced litigant, should preclude the expert from testifying as to his or her observations of such items before he or she altered them and as to any opinion based thereon. The rule should be applied without regard for whether the expert’s conduct occurred before or after the expert was retained by a party to the litigation. The reason for the rule is the unfair prejudice that may result from allowing an expert to deliberately or negligently to put himself or herself in the position of being the only expert with first-hand knowledge of the physical evidence on which the expert opinions as to defects and causation may be grounded. Furthermore, as is possible in this case, the physical items themselves, in the precise condition they were in immediately after an accident, may be far more instructive and persuasive to a jury than oral or photographic descriptions of them. As a matter of sound policy, an expert should not be permitted to intentionally or negligently destroy or dispose of such evidence, and then to substitute his or her own description of it.
Id. at 197-98.
Here, by analogy, plaintiffs intentional action in violation of a court order has created a situation in which the physical evidence of what was returned by Space Rentals no longer exists and in which there are no contemporaneous records regarding what he received from Space Rentals. His damage claim, there *364 fore, turns entirely on his own, unverifiable recollection regarding what it was that was returned to him. By violating a court order designed to prevent his unverifiable recollection from being the only evidence available to anyone at trial, he has placed himself, potentially, in a better position than he would have been had he chosen to comply with the Order.
Taking a cue from the Natty decision, I am of the opinion that plaintiff should not be permitted to profit, actually or potentially, from his violation of the court order and thus that he should be prohibited from introducing at trial any evidence, either during his case in chief or in rebuttal, regarding what was or was not returned to him by Space Rentals, Inc. If such a prohibition effectively precludes plaintiff from proving his damage case, so be it. That misfortune will be of his own creation.[6]
ORDER
In light of the foregoing, it is hereby ORDERED that the motion of James Granitsas and the motion of Paul Campbell to dismiss plaintiffs complaint should be, and is hereby, DENIED. At trial, however, plaintiff will be prohibited from introducing any evidence concerning the amount, quantity, or identity of any materials returned or not returned to him by Space Rentals, Inc. on or about July of 1994.

 Procedural Order III is dated May 8, 1996. That date is erroneous for, as the first paragraph of the Order recites, it was entered following a pretrial conference held on February 25, 1997.

 Here, the word “inventory” was used to describe the items themselves, not a catalog of those items. Again, no party has manifested any confusion over the term’s meaning.

 This is not the first time that plaintiff has elected to follow a path different from the one the court has ordered or the Rules of Civil procedure require. Indeed, the needless complication of this action at least partly results from plaintiffs preference for choosing what he will do and when he will do it regardless of what the court has ordered or the Rules require.

 Although the action has been pending for some time and although those portions of the Order requiring the defendant to hold the material until disposition of the action undoubtedly became more onerous as the action aged, the proper path to relief involved presenting some kind of a motion or petition to the court for alteration of the Order, not unilateral action by plaintiff designed to divest himself of those portions of the inventory he feared were depreciating.

 No party argues that the verb “inventory” as appearing in the Court’s Order of July 25, 1994, meant anything other than to review and catalog comprehensively each item of equipment that was being returned to plaintiff by Space Rentals, Inc. The record clearly establishes, therefore, plaintiffs undeniable and unequivocal violation of a court order designed to preserve information about evidence critical to his claim. The evidence itself, of course, has been disbursed in a variety of different directions.

 An earlier Order of this court (Paper No. 55) allowed the motion of defendant, Paul Campbell, in limine, to prohibit plaintiffs introduction at trial of partial inventories of the material returned to him. The present Order simply complements, and expands upon, that earlier Order by prohibiting introduction by plaintiff of any testimony concerning what it was that he received from Space Rentals, Inc.