Quinlan, J.
Plaintiff United Foods, Inc. (“United Foods”) has brought an action against defendants Richard Trading, Inc. & others (“Richard Trading”) seeking to collect monies allegedly due for sales by United Foods to Richard Trading.
This matter is before the court on Richard Trading’s Motion to Dismiss and for Other Sanctions pursuant to Mass.R.Civ.P. 37 and 11 for the alleged improper and unethical action taken by United Foods and its attorneys, Michael F. Connolly (“Connolly”) and Colleen B. McElhinney (“McElhinney”), during the discovery phase of this case. United Foods opposes Richard Trading’s motion and also asks this court to enter default judgment in its favor as a sanction for Richard Trading’s alleged commission of fraud on the court.
For the reasons set forth below, Richard Trading’s Motion to Dismiss will be DENIED insofar as it seeks an order of dismissal but ALLOWED with respect to sanctions and costs. United Foods’s Motion for Default Judgment is DENIED.

BACKGROUND

Richard Trading has filed a Motion to Dismiss and for Other Sanctions pursuant to Mass.R.Civ.P. Rules 37 and 11 and the inherent power of the court. Richard *563 Trading asserts “that the Plaintiff and its attorneys have engaged in a persistent pattern and practice of inappropriate conduct, including spoliation of evidence, which has subverted the spirit and intent of the discovery process and specifically resulted in irreparable harm to the plaintiff.” United Foods not only opposes Richard Trading’s motion but has countered with its own motion for entry of a default judgment against the defendants “as the necessary and appropriate response to Defendant’s fraud on the Court, to wit, the submission of bogus documents to this Court under oath, and deny Defendants’ Motion as the Defendants’ Motion is wholly without merit.” The defendants oppose United Foods’ motion.
The cross motions heard by the court should be viewed in the context of the entire case. On March 14, 2000, a thirty-seven (37) page complaint consisting of one hundred forty-seven (147) numbered paragraphs was filed. A review of the complaint reveals what is essentially a collection case involving two businesses, United Foods and Richard Trading. United Foods’ claim as set forth in the complaint has spawned fifteen counts. Some have been brought against Richard Trading, Inc., the company which allegedly failed to pay amounts claimed due to United Foods (in cash or in kind). Others have been brought against individuals (members of the Yee family) doing business as Richard Trading and as trustees of two realty trusts (collectively referred to as the defendants).
To ensure that assets of the defendants would be available to satisfy the claims, United Foods has also brought counts to reach and apply rents payable to the real estate trusts and to attach various bank accounts of the defendants by trustee process. In the event that the defendants, after being served with the complaint, take any actions “that have the effect of depriving Plaintiff of its recovery or otherwise precluding any effective judgment of this Court should [be] held as a contempt of this Court and appropriate sanctions be imposed upon Defendants.” [Complaint ¶ 147.) On the date of filing this action, United Foods’ ex parte motions for pretrial security seeking attachments of bank accounts by trustees process, attachment of real estate and injunctive relief against the defendants and reach and apply defendants were allowed. After hearing on March 24, 2000 and filing of the defendants’ answer and counterclaims, allowance of the ex parte motions was vacated. In lieu of the ex parte orders, the court (Lopez, J.) ordered the Richard Trading, Inc. and members of the Yee family to refrain from disposing, alienating, encumbering etc. their assets except in the ordinary course of business.
The docket reflects some 94 pleadings of record with the court’s file just shy of three feet in height. Suffice it to say, this case is not a model for civil litigation. Richard Trading’s Motion to Dismiss and for Other Sanctions was precipitated by United Foods’ counsel’s inspection of documents produced during discovery. One of the issues in this case is whether the monies claimed due are in fact due. The defendants have denied liability and rely on a number of invoices and/or back-up invoices which they claim prove monies due United Foods have been paid in full either by cash, check or in-kind.
The documents in the defendants’ possession included some 514 original invoices, 1,269 original “back up” invoices. The parties agreed by stipulation that access to the documents would be restricted to protect confidentiality of commercial information contained in the documents. Counsel for United Foods was permitted to inspect the original documents and select those which she sought to have copied. The first inspection was done on June 4, 2001 at the office of defendants’ attorney. Counsel for United Foods came alone. The second inspection was on July 2, 2001. Counsel was now accompanied by a man whom she was more than reluctant to introduce. That man was Alan T. Robillard, a document expert hired by United Foods.
When the July 2nd inspection began, defendants’ counsel was out of the office. Upon his return, he was told of the presence of the then unidentified man with counsel for United Foods and of observations made by his staff. Defense counsel was informed that it appeared the man was conducting some kind of test on the documents. When asked the identity of her companion, plaintiffs counsel initially refused to identify him. However, at the insistence of defense counsel, she disclosed the identity of Mr. Robillard. In any of the discussions about production and inspection of the original documents, counsel for United Foods did not disclose her intent to bring a document expert with her. Had she done so, the defendants would have had the examination by an expert supervised to ensure that the documents were not damaged, lost,[4] destroyed or compromised. According to the defendant, the integrity of the documents has been compromised by the unsupervised inspection conducted without notice to the defendants’ counsel. Richard Trading rely upon Nally v. Volkswagon of America, Inc., 405 Mass. 191 (1989), as well as Mass.R.Civ.P. 11 and 37 and the inherent power of the court.

DISCUSSION

The most significant issue raised by Richard Trading is that relating to the undisclosed presence of an expert during inspection by plaintiffs counsel on July 2, 2001. According to plaintiffs attorneys, this is a non-issue which should not be a matter of concern to the court. In taking this position, plaintiffs attorneys maintain their nondisclosure of the identity and purpose of bringing Alan T. Robillard to the inspection was justified. Plaintiffs attorneys rely on Mass.R.Civ.P. 26(b)(4)(A)(i) and (B) for the proposition that they would be required to disclose Mr. Robillard’s identity as an expert only if they expected to call him as a *564 witness at trial.[5] Since that decision had not been made as of July 2nd, disclosure was not required.
Assuming the parties were before the court on a Motion to Compel disclosures relating to a consulting expert whom United Foods did not intend to call as a witness, the defendants would have a heavy burden of demonstrating “exceptional circumstances” which would allow disclosure of the identity of that expert. See In re Pizza Time Theatre Securities Litigation, 113 F.R.D. 94 (D.C.Cal. 1986) (party seeking discovery failed to make showing of exceptional circumstances or substantial need not otherwise able of being satisfied sufficient to warrant disclosure of expert identity); Bank of New York v. Meridian Biao Tanzania (court found exceptional circumstances to warrant disclosure of non-testifying experts given the highly sensitive nature of the financial and business information sought). United Foods’ argument for nondisclosure would be persuasive. However, this is not a motion to compel. United Foods wanted to inspect original documents in the custody of Richard Trading’s attorney.
Access to such documents is authorized and governed by Rule 34. Rule 34(a) provides in pertinent part:
(a) Scope. Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy any designated documents or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served . . .
[Emphasis supplied.) See Strom v. American Honda Motor Co., Inc., 423 Mass. 330, 335 (1996). Rule 34(b) expressly requires that a Request for Production “shall set forth the items to be inspected . . . The request shall specify a reasonable time, place and manner of making the inspection and performing related acts.” [Emphasis supplied.)
Rule 34 contemplates that a request for production will disclose the fact of any tests to be conducted on documents or other items in the control of the opposing party. United Foods should have disclosed the intent to have an expert participate in the inspection. Had United Foods done so, the parties could have addressed any concerns and resolved them by means of a stipulation pursuant to Rule 29. If the parties were unable to stipulate, either party could have sought a protective order pursuant to Rule 26(c). Although more cumbersome, the stipulation or protective order could have addressed United Foods’ concerns about disclosure of the identity of the expert, the manner of the inspection and testing of documents and ensuring that the fact of a document expert having examined the documents would not be used against United Foods at trial in the event that the expert was not called to testify. The defendant’s concerns about the manner of testing and whether the defendants could have a representative present to ensure the integrity of the documents could also have been resolved by stipulation or protective order. Had United Foods disclosed that it intended to have an expert examine the documents, neither United Foods nor its attorney would have been left vulnerable to a claim of spoliation.
Not having done so, the integrity of the documents is now questioned by the defendants’ attorney. Defendant’s counsel had both a duty to protect those documents entrusted to his care and a duty to produce documents to opposing counsel. It was expedient for United Foods to avoid disclosing the inspection or testing by a document expert. In failing to disclose the manner of inspection and whether any testing would be done, United Foods and its attorneys violated Rule 34 and the spirit of the discovery rules. “The Supreme Court has stated that ‘[mlodern instruments of discovery serve a useful purpose . '. . They together with pretrial procedures make a trial less a game of blindman’s bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.’ United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958).” Strom v. American Honda Motor Co., Inc., 423 Mass. at 335-36.
United Foods’ attorneys made a strategic decision not to disclose when they had a duty to do so. Had this been an isolated incident in an otherwise unremarkable case, a ruling that the attorneys should have disclosed would be sufficient. However, in the context of this case and its procedural history, the integrity of the judicial process requires a more severe sanction. The judicial process is meant to resolve disputes in an efficient, effective and fair way. Attorneys not only represent their clients but also are officers of the court. It is their obligation to ensure that the "working tools” of the profession (see Strom v. American Honda Motor Co., Inc., 423 Mass. at 335) are used in a professional manner and not as weapons to punish, wear down or intimidate an opponent or opponent’s counsel.
Considering all of the circumstances and the history of the case, pursuant to the inherent power of the court and Rules 11 and 37, the court will exclude the document expert Mr. Robillard from testifying and/or rendering any opinions either by affidavit or at trial based upon his review of the documents in issue. If United Foods intends to offer expert testimony, it will not be from Mr. Robillard.
The defendant also relies on Nally v. Volkswagen of America, Inc., 405 Mass 191, 197 (1989). “Trial judges have ‘broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial . . . Within this discretion lies the power to exclude or deny expert testimony.. . and to exclude testimony of witnesses whose use at trial is in bad faith or would unfairly prejudice an opposing party.’ ” Nally v. Volkswagen of America, Inc., 405 Mass. at 197, quoting Campbell Indus. v. M/V Gemini, 619 F.2d 24, *565 27 (9th Cir. 1980). When an expert has removed or altered an item of physical evidence and the expert knew or should reasonably have known that the evidence may have been material to the litigation, “the judge, at the request of a potentially'prejudiced litigant, should preclude the expert from testifying as to his or her observations of such items before he or she altered them and as to any opinion based thereon.” Id. at 197-98.
The defendants assert that some of the documents examined by United Foods’s expert are missing. However, the court does not find that those documents are missing as a result of plaintiffs misconduct. That matter is better left to trial of this action. Consequently, the court makes no finding which would permit exclusion of the Mr. Robillard’s expert testimony under Nally.
In response to Richard Trading’s motion, United Foods has filed a motion consistent with the tone established with its first pleading. United Foods asserts that the defendants have committed a fraud on the court, a defense based upon use of fraudulent documents. “A ‘fraud on the court’ occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party’s claim or defense.” Rockdale Management Co. v. Shawmut Bank, N.A., 418 Mass. 596, 598 (1994), quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989). When a party proves a fraud on the court through clear and convincing evidence, the trial judge has broad discretion to judicially respond to the fraudulent conduct. See id.
United Foods asks this court to enter default judgment in its favor because of the submission of allegedly false documents by Richard Trading. Specifically, United Foods maintains that the copies of invoices submitted to this court through the affidavit of Raymond Yee are fraudulent. The invoices referred to reflect alleged goods delivered from Richard Trading to United Foods and total over $398,000 in value.
United Foods asserts that the false nature of these invoices is evidenced by such facts as the volume of fresh produce delivered to United Foods and the fact that certain items are listed that United Foods has not sold since 1995 (shallots and spinach). United Foods also claims that the color of the invoices show their falsify. The invoices that United Foods claims are bogus are mainly yellow, while the invoices that are admittedly genuine are white. This, United Foods asserts, reflects the fact that the white copy is the original and the yellow copy is the bottom of a carbon-copy duplicate, which would normally be given to the customer. Further, United Foods points to the condition of the allegedly bogus documents. The supposed invoices are pristine in their appearance, not, as United Foods asserts, the wrinkled, aged, stained condition that one would expect invoices to be in that are three to four years old.
United Foods has failed to prove fraud on this court by clear and convincing evidence. The court declines to make any finding of fraud on this record and, therefore, will not enter a default judgment against the defendants. There is a policy favoring adjudication on the merits. Aoude, supra, at 1118. That is what is needed in this case — a trial on the merits before the case file is five feet tall.

ORDER

For the reasons stated above, it is hereby ORDERED that:
1. Defendant Richard Trading’s Motion to Dismiss and for Other Sanctions is DENIED insofar as it seeks dismissal of the plaintiffs claims and ALLOWED insofar as it seeks sanctions. As a sanction, the court ORDERS that the plaintiff is precluded from calling document expert Alan T. Robillard as a witness in this matter either by affidavit or by appearance as a witness at deposition or trial and any and all affidavits of Alan T. Robillard filed in this action are stricken.
2. Plaintiff United Foods’ Motion for Default Judgment is DENIED.
3. Counsel for United Foods shall pay defendants’ costs related to its Motion to Dismiss and for Sanctions , including reasonable attorneys fees. If parties are unable to agree, the court will hold a further hearing on the issue of costs and fees.

 Documents have been lost. However, it does not appear that they were missing immediately after the inspection of July 2nd. Moreover, there is no evidence to support that the cause of the loss is due to anything other than mishandling by the independent copier service.

 Mass.RCiv.P. 26(b)(4)(A)(i) states, in its entirety: “A party may through interrogatories require any other party to identify each person whom the other parly expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. [Emphasis supplied.]
*566 Mass.R.Civ.P. 26(b)(4)(B) states, in its entirety: “A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.”