Gershengorn, Wendie L, J.
The plaintiff, Quincy Mutual Insurance Company (“Quincy”), the homeowner’s insurer, commenced this action against the defendant W.C. Wood Co. (“W.C. Wood”), a refrigerator manufacturer, asserting claims of breach of warranty and negligence with respect to the refrigerator in the homeowner’s tenant’s residence. Quincy alleges that the tenant’s refrigerator caused a fire in the homeowner’s premises in September 2003 because the refrigerator’s sander malfunctioned. W.C. Wood filed a third-parly complaint for indemnification and contribution against Invensys Appliance Controls (“Invensys”) and Therm-o-disc, Inc. (“Therm-o-disc”) from which W.C. Wood purchased components for its refrigerators, specifically the Timer-Defrost and the Defrost Termination switch and/or Defrost Thermostat, respectively.
On March 6, 2007, this court (Smith, J.) allowed W.C. Wood’s motion for a Rule 16 conference to consider whether there was spoliation of evidence, whether a party to the litigation was responsible, and whether the court should impose sanctions. This court (Gershengorn, J.) held the Rule 16 hearing on April 26, 2007. W.C. Wood argues that permitting this case to proceed will prejudice it because, with the destruction of the refrigerator, no complete cause and origin investigation can be conducted through destructive testing. Consequently, no determination can be made as to whether the refrigerator caused the fire, and, if it did, which component(s) of the refrigerator caused the fire. W.C. Wood seeks the remedy of dismissal of the claims against it or, alternatively, the exclusion of Quincy’s experts’ testimony at trial.
For the following reasons, the doctrine of spoliation does not apply to this case and the parties should proceed to dispositive motions.

BACKGROUND

Engineering and Fire Investigations (“EFI”) was hired by the insurer of the homeowner’s tenant approximately one week after the fire. After conducting two examinations of the fire scene, one of which W.C. Wood was present for, EFI “tagged as evidence” the refrigerator and other items which EFI continued to hold until February 8, 2005, at its North Dartmouth, Massachusetts, storage facility. Quincy, W.C. Wood, and Invensys knew EFI had possession of the refrigerator and even made attempts to arrange for destructive testing of the refrigerator to determine which component, if any, caused the fire. Quincy alleges that it learned in December 2006 that the refrigerator had been destroyed and that it immediately informed W.C. Wood. An EFI document indicates that the refrigerator had been disposed of on February 8, 2005.[2]

*542
DISCUSSION

“[P]ersons who are actually involved in litigation (or know that they will likely be involved) have a duty to preserve evidence for use by others who will also be involved in that litigation.” Fletcher v. Dorchester Mut. Ins. Co., 437 Mass. 544, 549-50 (2002). The doctrine of spoliation “is based on the premise that a party who has negligently or intentionally lost or destroyed evidence known to be relevant for an upcoming legal proceeding should be held accountable for any unfair prejudice that results.” Keene v. Brigham & Women’s Hosp., Inc., 439 Mass. 223, 234 (2003). “Persons who are not themselves parties to litigation do not have a duty to preserve evidence for use by others.” Fletcher, 439 Mass. at 548.
It is undisputed that EFI destroyed the refrigerator and that EFI is not a party to this litigation. In Kippenhan v. Chaulk Servs., Inc., the Supreme Judicial Court (“SJC”) noted that it was “aware of no jurisdiction that has suppressed a party’s evidence or drawn an adverse inference against a party where neither that party nor anyone acting on that party’s behalf was the spoliator.” 428 Mass. 124, 128 (1998). Therefore, unless a duty to preserve evidence is imposed on the nonparty by subpoena duces tecum or by contract, see Fletcher, 439 Mass. at 548-49, “[a] nonparty witness is not required to preserve and store an item merely because that item may be of use to others in pending or anticipated litigation.” Id. at 548.
The parties in this case did not impose a duty on EFI by serving it with a subpoena duces tecum pursuant to Mass.R.Civ.P. 45(b) or by entering into a contract with it.[3] See id. at 548-49. EFI also did not have a duty as an expert. In Kippenhan, the SJC acknowledged its dictum in Nally v. Volkswagen of Am., Inc., 405 Mass. 191, 198 (1989), where it stated “that an expert’s spoliation of evidence, even before association with any party, should bar the expert from testifying to the condition of the physical evidence that he or she destroyed or disposed of.” 428 Mass. at 128 n.3. Arguably, EFI’s investigator is an expert, but neither Quincy nor W.C. Wood has indicated an intention to retain EFI as an expert. Even if either were to do so, however, EFI’s investigator would not be “the only expert with first-hand knowledge of the physical evidence on which expert opinions as to defects and causation may be grounded [i. e., the destructive testing,]” given the destruction of the evidence. Nally, 405 Mass. at 198.[4]
Finally, in holding that a nonparty has no duty to preserve evidence unless a party chooses to impose such a duty, the SJC in Fletcher implied that a party’s duty to preserve evidence extends only to that evidence within its possession or control. See 437 Mass. at 548-49. Thus, where a nonparty destroyed the evidence, Quincy cannot be held responsible. See Townsend v. American Insulated Panel Co., 174 F.R.D. 1, 5 (D.Mass. 1997) (holding that, “absent some control over the evidence which is in the possession of a nonparly, the plaintiff is not under a duty to act” and thus declining to extend litigant’s duty to preserve evidence “to evidence which is not in the litigant’s possession or custody and over which the litigant has no control”). Accordingly the doctrine of spoliation is inapplicable on these facts as a party to this litigation did not destroy the evidence and as the parties to this litigation had no legal obligation to preserve the refrigerator which was in the custody and control of a nonparty at all times. But see Perez-Velasco v. Suzuki Motor Co. Ltd,, 266 F.Sup.2d 266, 268 (D.P.R. 2003) (imposing obligation on plaintiff to give opposing party notice of access to evidence or of its possible destruction after plaintiff sold car before suing manufacturer over car’s alleged defects).

ORDER

For the foregoing reasons, W.C. Wood’s request for sanctions is DENIED. The parties should proceed to file dispositive motions.

The two requests W.C. Wood served on Quincy asking to inspect the refrigerator postdated the destruction of the refrigerator.

Any of the parties could have taken this action as Quincy, W.C. Wood, and Invensys were aware that EFI had possession of the refrigerator. Additionally, in Fletcher, the SJC declined to recognize a cause of action in tort for intentional or negligent spoliation of evidence. 437 Mass. at 545. Thus, the parties in this case cannot bring an action against EFI for its destruction of the refrigerator. See id.

There has been no claim that in destroying the evidence, EFI conducted the destructive testing and/or recorded any observations.