Sikora, J.
INTRODUCTION
Plaintiffs, Douglas Jean and Jo-Ann Jean, bring this action against defendants, Waban, Inc. dba BJ’s Wholesale Club (“Waban”), Boston Development Associates Construction Company, Inc. (“BDA”), and American Standard, Inc.,[4] to recover for injuries Douglas Jean sustained while using a toilet at a store owned and operated by Waban. Waban impled Kohler Company (“Kohler”), the manufacturer of the toilet, seeking contribution or indemnification of its potential liability to plaintiffs and damages for breach of the warranty of merchantability. Kohler now moves for summary judgment against Waban and for attorneys fees, costs, and expenses. Waban now cross-moves to strike the affidavit of Stephen Lash in support of Kohler’s motion. For the reasons stated below, Kohler’s motion is ALLOWED in part and is DENIED in part; and Waban’s cross-motion is ALLOWED. 
BACKGROUND
The following facts are undisputed. On December 24, 1994, while at a store owned and operated by Waban in North Dartmouth, Massachusetts, Douglas Jean was injured when a porcelain toilet he was sitting on dislodged from the wall. Shards of porcelain pierced Douglas Jean’s left wrist and hand. Waban employees responded to the accident scene. They observed Douglas Jean’s injury and wrapped towels around itwhile waiting for an ambulance. Shortly after the accident, Celina Avelar-Fortes, Waban’s North Dartmouth loss prevention manager, instructed Skip Vasconcelos, Waban’s janitor, to photograph the accident scene. Vasconcelos took at least one photograph of the scene. Rory Courtur-ier, the general manager of the North Dartmouth store, then ordered Vasconcelos to clean the bathroom and discard the broken toilet. Courturier then prepared an incident report describing the accident.[5] Avelar-Fortes forwarded the incident report and the photograph to James Griffith, Waban’s regional loss prevention manager. Waban has subsequently lost the photograph.
The Accident Reporting and Investigation section of Waban’s Safety Manual describes the required protocol when a personal injury accident occurs at a Waban store. The manual requires employees to take photographs of the accident scene. The photographs must “(s]how the exact area where the accident occurred” and “(a]ny defective condition and surrounding areas in and outside the Club.” If the injured person fell, the photographs must “indicate the area showing the cause of the fall and any substance on the floor.” The manual further provides that employees must “(m]ake sure to recover all important pieces of evidence. The collection, preservation and packaging of evidence is vital in cases where the possibility of a lawsuit exists.” (Emphasis original.)
Waban replaced the broken toilet with a toilet manufactured by American Standard, Inc. Records in the possession of BDA, the contractor hired to construct the North Dartmouth store, however, indicate that BDA purchased the toilets originally installed in the North Dartmouth store from Kohler. Furthermore, Wade Rooslet, an employee of Smith Plumbing Corporation (“Smith”), the subcontractor which installed the plumbing at the store, indicated that Smith installed Kohler toilets at the North Dartmouth store.[6]
The Jeans subsequently commenced this action against Waban, BDA, and American Standard, Inc. *92 alleging that their negligence caused the Jeans’ injuries. BDA filed a third-party complaint against Smith. Waban impled Kohler seeking contribution, indemnification, and damages for breach of the warranty of merchantability. Kohler moved for summaiyjudgment against Waban.
DISCUSSION
1.SUMMARY JUDGMENT STANDARD
This court grants summary judgment when there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summaiyjudgment who does not bear the burden of proof at trial may demonstrate the absence of triable issues by either submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
2.IDENTIFICATION OF KOHLER AS MANUFACTURER OF THE TOILET
Kohler contends that it is entitled to summary judgment because, absent the actual toilet, Waban cannot identify it as the toilet’s manufacturer. There is sufficient evidence in the summary judgment record, however, to identify Kohler as the manufacturer. BDA’s records indicate that BDA purchased Kohler products to incorporate into the North Dartmouth store. Rooslet also testified that Smith installed Kohler products at the store. Therefore, Kohler is not entitled to summaiyjudgment on this ground.
3.WABAN’S SPOLIATION OF EVIDENCE
The exclusion of evidence is the usual remedy for the spoliation of evidence. Kippenhan v. Chaulk Servs., Inc., 428 Mass. 124, 127 (1998). This remedy “maybe appropriate for the spoliation of evidence, that occurs even before an action has been commenced, if a litigant... knows or reasonably should know that the evidence might be relevant to a possible action.” Id., citing Nally v. Volkswagen of America, Inc., 405 Mass. 191, 197-98 (1989). “The threat of a lawsuit must be sufficiently apparent, however, that a reasonable person in the spoliator’s position would realize, at the time of spoliation, the possible importance of the evidence to the resolution of the potential dispute.” Id.
As a matter of law, Waban’s destruction of the toilet constitutes at least negligent destruction of physical evidence warranting the exclusion of Waban’s use of any evidence concerning the pre-accident and post-accident condition of the toilet.[7] Employees of Waban observed the accident scene moments after the toilet collapsed. They observed Douglas Jean bleeding with shards of porcelain protruding from his left wrist and hand. Employees wrapped towels around the injury and brought Douglas Jean to an office to wait for an ambulance. Avelar-Fortes had foresight to instruct the janitor to photograph the accident scene. Then, in disregard for Waban’s own safety manual, Courturier ordered the janitor to clean the bathroom and dispose of the toilet.
The extent of Douglas Jean’s injuiy, the embarrassing nature of the incident, the taking of the photograph, and Waban’s own safety manual demonstrate that Waban knew of the likelihood of a possible lawsuit and the importance of the actual toilet to the resolution of the potential action. Waban’s subsequent loss of the photograph further supports the finding that Waban’s disposal of the toilet constitutes actionable spoliation of evidence. Therefore, Waban cannot introduce evidence regarding the condition of the toilet before or after the accident.
4.EFFECT OF EXCLUSION OF EVIDENCE ON WABAN’S CLAIMS AGAINST KOHLER
Waban brought a third-party complaint against Kohler seeking contribution, indemnification, and damages for breach of the warranty of merchantability. Contribution allows one joint tortfeaser to compel another to contribute to any payment the joint tor-tfeaser must make to the injured party. Elias v. Unisys Corp., 410 Mass. 479, 482 (1991). Indemnification allows a party without fault, compelled to defend himself against the wrongful act of another, to recover from the wrongdoer the entire amount of his loss. Id. Under Massachusetts law, a plaintiff who brings a claim for the breach of the warranty of merchantability under the Uniform Commercial Code must prove that the product in question was, more likely than not, the cause in-fact, as well as proximate cause, of the injuiy.
All three theories of recoveiy require Waban to demonstrate wrongdoing on the part of Kohler that caused plaintiffs’ injuries. Absent evidence of the condition of the toilet before and after the accident, Waban cannot prove that Kohler’s product, or some other factor, caused the accident.[8] Therefore, Kohler is entitled to summary judgment as a matter of law for all three of Waban’s claims against it. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991) (party moving for summary judgment against opposing party with the burden of proof at trial is entitled to summaiyjudgment if he demonstrates that the opposing party has no reasonable expectation of proving an essential element of the party’s case).
5.WABAN’S MOTION TO STRIKE THE AFFIDAVIT OF STEPHEN LASH
Waban cross-moved to strike the affidavit of Stephen Lash, an attorney for Kohler. Waban contends that the affidavit pertains to settlement discussions between Waban and Kohler. Therefore, it argues that it contains inadmissible evidence and this court *93 should strike it from the record. See Chase v. Chase, 271 Mass. 485, 491 (1930) (evidence regarding compromise negotiations inadmissible). The affidavit, by its own language, supports Waban’s argument.
The affidavit speaks of discussions between Waban and Kohler regarding the dismissal of Waban’s claims against Kohler. If this court allowed the admission of such discussions, it would have a chilling effect on future settlement or compromise negotiations. Therefore, as a matter of public policy, this court must strike the affidavit of Stephen Lash.
6. KOHLER’S MOTION FOR ATTORNEYS FEES, COSTS, AND EXPENSES
Kohler moved this court, pursuant to G.L.c. 231, Section 6F, for attorneys fees, costs, and expenses associated with its defense of Waban’s third-party complaint. Kohler contends that Waban’s claims were frivolous entitling it to the sought after relief. This court must deny Kohler’s motion for two reasons.
First, Kohler set forth the factual basis for its motion in the affidavit of Stephen Lash. As discussed above, this court must strike the affidavit. Therefore, Kohler cannot support its assertion that Waban admitted the claims were frivolous. Second, Waban has every right to assert reasonable claims against those it reasonably believes contributed to plaintiffs’ injuries. Waban did not know, until a ruling on the issue, whether this court would allow it to submit evidence of the toilet’s condition to support its claims against Kohler. If allowed to submit such evidence, Waban would be presenting a claim arguably better than one wholly insubstantial, frivolous, or advanced in bad faith, as contemplated by Section 6F; a claim colorable if not persuasive. Thus, absent a specific ruling regarding the spoliation issue, Waban was entitled to pursue its claims against Kohler.
ORDER
For the reasons stated above, it is hereby ORDERED that;
1. Kohler’s motion for summary judgment is ALLOWED;
2. Waban’s cross-motion to strike the affidavit of Stephen Lash is ALLOWED; and
3. Kohler’s motion for attorneys fees, costs, and expenses is DENIED.

 American Standard, Inc. has been dismissed as a parly in this suit.

 Susan Eaton, a loss prevention supervisor, conceded that employees prepare incident reports to protect Waban in potential lawsuits.

 Rooslet testified at deposition that he was 98 to 100% sure that Smith installed Kohler products. The other plumbing fixtures were Kohler products and Smith only uses one brand of products on a particular job.

 The exclusionary rule applies only when a party negligently or deliberately destroys evidence. Kippenhan v. Chaulk Servs., Inc., 428 Mass. 124, 127 (1998). Accidental destruction of evidence does not warrant spoliation remedies. Id.

 Waban cannot rely on the doctrine of res ipsa loquitur to establish Kohler’s liability. Res ipsa loquitur requires evidence that the instrumentality causing the accident “was in the sole and exclusive control and management of the defendant.” Wilson v. Honeywell, Inc., 409 Mass. 803, 805 (1991). Smith installed the toilet in 1990. The accident occurred at the end of 1994. There is no evidence in the summary judgment record indicating that Kohler had any contact with the toilet from 1990 to 1994. Thus, the toilet was not in the “sole and exclusive control and management” of Kohler for at least four years.