SlKORA, J.
INTRODUCTION
Plaintiffs, Douglas Jean and Jo-Ann Jean, bring this action against defendants, Waban, Inc. dba BJ’s Wholesale Club (“Waban”), Boston Development Associates Construction Company, Inc. (“BDA”), and American Standard, Inc.,[4] to recover for injuries Douglas Jean sustained while using a toilet at a store owned and operated by Waban. BDA, the contractor hired by Waban to construct the store, now moves for summary judgment against plaintiffs. For the reasons stated below, BDA’s motion is ALLOWED.
*94 BACKGROUND
The following facts are undisputed. On December 24, 1994, while at a store owned and operated by Waban in North Dartmouth, Massachusetts, Douglas Jean was injured when a porcelain toilet he was sitting on dislodged from the wall. Shards of porcelain pierced Douglas Jean’s left wrist and hand. Waban employees responded to the accident scene. They observed Douglas Jean’s injury and wrapped towels around it while waiting for an ambulance. Shortly after the accident, Celina Avelar-Fortes, Waban’s North Dartmouth loss prevention manager, instructed Skip Vasconcelos, Waban’s janitor, to photograph the accident scene. Vasconcelos took at least one photograph of the scene. Rory Courtur-ier, the general manager of the North Dartmouth store, then ordered Vasconcelos to clean the bathroom and discard the broken toilet. Courturier then prepared an incident report describing the accident.[5] Avelar-Fortes forwarded the incident report and the photograph to James Griffith, Waban’s regional loss prevention manager. Waban has subsequently lost the photograph.
In 1989 Waban hired BDA to construct the North Dartmouth store. BDA subcontracted the plumbing work to Smith Plumbing Corporation (“Smith”). Sometime in late 1989 or early 1990, Smith installed the toilet that collapsed and injured Douglas Jean.
The Jeans subsequently commenced this action against Waban, BDA, and American Standard, Inc. alleging that their negligence caused the Jeans’ injuries. BDA filed a third-party complaint against Smith. Waban impled Kohler Company (“Kohler”), the manufacturer of the toilet. BDA moved for summary judgment against plaintiffs.
DISCUSSION
This court grants summary judgment when there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of triable issues by either submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
In decisions of even date, this court found that Waban committed actionable spoliation of vital evidence warranting its preclusion of admitting evidence of the pre-accident and post-accident condition of the toilet. This ruling does not prohibit plaintiffs from introducing such evidence. See Kippenhan v. Chaulk Servs., Inc., 428 Mass. 124, 128 (1998). Absent the toilet to inspect or the photograph to review, however, plaintiffs cannot prove the actual cause of the toilet’s failure. Without such proof, they will be unable to prove BDA, or its subcontractors, breached any duty owed to plaintiffs. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991) (party moving for summary judgment against opposing party with the burden of proof at trial is entitled to summary judgment if he demonstrates that the opposing party has no reasonable expectation of proving an essential element of the party’s case).
Due to Waban’s spoliation of the toilet and loss of the photograph, plaintiffs must rely upon the doctrine of res ipsa loquitur to establish BDA’s liability. Res ipsa loqui-tur allows a jury to infer negligence while the actual cause of an event remains unexplained. Evangelio v. Metropolitan Bottling Co., 339 Mass. 177, 180 (1959). In order for res ipsa loquitur to apply plaintiffs must demonstrate, “by a preponderance of the evidence, that: (1) the instrumentality causing the accident ‘was in the sole and exclusive control and management of the defendant’; and (2) the ‘accident is the type or kind that would not happen in the ordinary course of things unless there was negligence by the defendant.’ ” Wilson v. Honeywell, Inc., 409 Mass. 803, 805 (1991).
BDA, through its subcontractor Smith, installed the toilet in 1990. The toilet collapsed at the end of 1994. The summary judgment record is devoid of evidence indicating that BDA, or its subcontractors, had any contact with the toilet throughout the four-year period. As a matter of law, BDA was not in “the sole and exclusive control and management” of the toilet at the time of the accident. Therefore, plaintiffs cannot rely upon res ipsa loquitur to establish BDA’s negligence.
Plaintiffs’ contention that it must only demonstrate that BDA was formerly in control of the toilet is misplaced. Comment g of the Restatement (Second) of Torts Section 328D, which plaintiffs rely upon to support their argument, provides:
' It may be enough that the defendant was formerly in control, at the time of the possible negligence, . . . when there is sufficient evidence to eliminate the responsibility of intermediate dealers.
Restatement (Second) of Torts Section 328D cmt. g (1977). In the case at bar, the accident occurred four years after BDA’s last contact with the toilet. Plaintiffs have offered no evidence eliminating other intermediate causes of the toilet’s failure. Comment g is not applicable and plaintiffs’ argument is without merit.
BDA has demonstrated that plaintiffs have no reasonable expectation of proving that BDA caused the toilet’s failure. Furthermore, without the ability to rely upon res ipsa loquitur, the jury cannot infer that BDA was negligent by the mere occurrence of the accident. Therefore, BDA is entitled to judgment as a matter of law against plaintiffs.
*95 ORDER
For the reasons stated above, it is hereby ORDERED that Boston Development Associates Con-. struction Company, Inc.’s motion for summary judgment against plaintiffs is ALLOWED.

 American Standard, Inc. has been dismissed as a party in this suit.

 Susan Eaton, a loss prevention supervisor, conceded that employees prepare incident reports to protect Waban in potential lawsuits.