Doerfer, J.
In this action the plaintiff claims that he suffered personal injuries as a result of the negligence of the City of Boston (City) which he claims failed to adequately monitor his condition while in police custody. The plaintiff seeks an order from the court to compel the City to produce certain documents and to impose spoliation sanctions against the City for destruction of those documents which cannot be produced because they have been destroyed. The documents in question are records supposedly made by the Boston Police while the defendant was in custody which would reflect what efforts were made to monitor his condition and what if anything was observed about his condition.
*322 BACKGROUND
For the purposes of this motion the following facts appear from the papers on file: On July 8, 1993, Boston Police Officers investigated a disturbance call at 206 Bennington Street, East Boston, MA. Reportedly the plaintiff Franco Attardo (Attardo) had fallen down a flight of concrete stairs, struck his head, and been unconscious.
Officers called EMTs after one of them observed Attardo bleeding from the head, but Attardo refused treatment at the scene. Attardo’s girlfriend told the police that Attardo had attacked her and that she had defended herself in a manner which caused him to fall down some stairs. Attardo was then arrested and transported to the A-7 police station where he was booked and placed in a holding cell.
At approximately 11:39 a.m. on July 7, 1993, EMTs were called to the A-7 Police Station and transported Attardo to the Massachusetts General Hospital (MGH). Attardo was diagnosed with a left epidural hematoma and underwent an emergency left temporietal craniotomy. Attardo remained an in-patient at MGH until he was transferred to the Lemuel Shattuck Hospital (LSH) for rehabilitative services on August 3, 1993. Attardo underwent rehabilitative services at LSH until September 30, 1993.
The regular procedures of the Boston Police require them to keep a log book showing that prisoners have been periodically monitored and what observations have been made. They also have a system which sets off an alarm every 15 minutes which can only be turned off by physically walking past the cells to the end of the cell area and turning off the alarm. A paper strip record is made showing when the alarm is turned off.
Both the logs and the strip record have been destroyed. The question for the court is whether the circumstances of their destruction warrant the imposition of sanctions.
The records were lost or destroyed during renovations of the police station in question. They were left behind when the operations at that station were moved to a temporary location during renovations. The exact date and other circumstances of their destruction has not been established. During May 1995, renovations of Area A-7 Police Station began and by mid-June 1995, all Police Station staff had been relocated. On July 6, 1995, the plaintiff presented his letter in accordance with M.G.L.c. 258, §4 which asserts that the City was negligent in the monitoring of his medical condition.
During July 1996, personnel returned to the Police Station and observed the construction company had discarded many documents, including prisoner logs and cell monitoring documents for July 1993. There is no evidence to support any particular inference that the documents were destroyed subsequent to July 6, 1995.
A litigant has a duty to preserve evidence. Townsend v. American Insulated Panel Co., Inc., 174 F.R.D. 1, 3 (D. Mass 1997); Linnen v. A.H. Robbins Co., Inc., 1999 WL 462015 (Mass. Super). Generally that duty arises no later than the time at which defendant receives notice of the suit.
In some circumstances the duty of a defendant to preserve evidence arises prior to the time actual notice of a claim is received as where “a litigant or expert knows or reasonably should know that the evidence might be relevant to a possible action.” Kippenham v. Chaulk Services, Inc., 428 Mass 124, 127 (1998) citing Nally v. Volkswagon of Am., Inc., 405 Mass. 191, 197-98 (1989). “The threat of a lawsuit must be sufficiently apparent, however, that a reasonable person in the spoliator’s position would realize, at the time of spoliation, the possible importance of the evidence to the resolution of the potential dispute.” Nally v. Volkswagon of Am., Inc., 405 Mass. 191, 197-98 (1989).
In this case the facts do not persuade the court that a reasonable person at the time the City moved out of the police station in question or at any time before the plaintiff gave notice under G. L. c. 258 would realize that the documents were of importance to a particular dispute. There is no evidence that the plaintiff had given any notice of any claim prior to his notice under G.L.c. 258. Nor is there evidence that persuades the court that the City should have known that there was a dispute over the adequacy of its custody of the plaintiff or that he would be claiming personal injuries arising out of his custody. Compare Munsinger v. Berkshire Medical Center, et al, 9 Mass. L. Rptr. 486, 1998 WL 1183954 (Mass. Super), and Jean, et al. v. Waban, Inc., 10 Mass. L. Rptr. 91, 10 Mass. L. Rptr. 93, 1999 WL 1318960 (Mass. Super).
In Munsinger hospital employees made reports to the risk management unit and the risk management coordinator communicated with the defendant’s malpractice insurance carrier the same day that an incident occurred involving the sterility of surgical instruments. The court felt the defendants immediately recognized the legal risk and the potential of a lawsuit and should have preserved documents relating to the sterility of the instruments. Id. at *3.
In Mr. Attardo’s case the record does not reflect that anyone aside from the officers on duty were made aware of the incident that occurred on July 8, 1993. It is true that the officers filled out “incident reports” and knew that Mr. Attardo was in the hospital for a considerable period of time. However, these actions do not demonstrate that the City immediately recognized the legal risk or the potential of a lawsuit. The officers were not made aware of the source or extent of Mr. Attardo’s injuries and no “risk manager” or person responsible for gauging legal indemnity was called or put on notice of the incident.
*323 In Jean photographs taken of an accident scene pursuant to a standard risk management procedure were subsequently lost. The photographs were the only evidence of the condition of the toilet fixture and wall to which it was attached when it broke and injured the plaintiff. Jean v. Waban, Inc., 1999 WL 1318960, *1 (Mass Super). In making its ruling the court stated that, “the extent of Douglas Jean’s injury, the embarrassing nature of the incident, the taking of the photograph, and Waban’s own safety manual demonstrate that Waban knew of the likelihood of a possible lawsuit and the importance of the actual toilet to the resolution of the potential claim.” Id. at *3.
In the circumstances of the case at bar the imposition of sanctions for the destruction of the records is not warranted and will not be imposed.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion to compel production of documents or for sanctions against the defendant be DENIED.