G. DANA BOLTON, JR., administrator, *vs.* MASSACHUSETTS
BAY TRANSPORTATION AUTHORITY.

No. 91-P-1169.

Middlesex. April 13, 1992. - June 11, 1992.

Present: KASS, PORADA, & GREENBERG, JJ

*Evidence*, Relevancy and materiality, Expert opinion. *Practice, Civil*, Pres-
    ervation of evidence, Loss of evidence, Wrongful death, Directed ver-
    dict, New trial, Judicial discretion. *Motor Vehicle*, Defect. *Negligence*,
    Wrongful death. *Conscious Pain and Suffering.*

At the trial of claims for the conscious pain and suffering and wrongful
    death of the plaintiff's intestate, resulting from a motor vehicle collision
    with the defendant's bus, the judge did not abuse his discretion in pre-
    cluding the defendant's expert witness, an inspector for the Department
    of Public Utilities, from testifying to the results of his inspection of the
    bus after the accident, where the plaintiff had not been informed of the
    location of the bus or given an opportunity to inspect it before the de-
    fendant disposed of it as scrap. [655-657]
In an action arising from the death of the plaintiff's intestate in a motor
    vehicle collision with the defendant's bus, there was no abuse of discre-
    tion in the judge's denial of the defendant's motion for a new trial,
    where the evidence was sufficient for the jury to form an honest and
    reasonable judgment that the accident was caused by the negligence of
    the defendant in failing to maintain in good working order the brakes
    on the bus and that its negligence was responsible for the death of the
    plaintiff's intestate, and where the evidence of conscious pain and suf-
    fering was also sufficient. [657-659]

CIVIL ACTION commenced in the Superior Court Depart-
ment on November 10, 1986.

The case was tried before *John P. Forte*, J., sitting under
statutory authority, and a motion for a new trial was heard
by him.

*John Arthur Johnson* for the defendant.
*Anthony M. Doniger* (*Barbara L. Siegel* with him) for the
plaintiff.

PORADA, J. The plaintiff sued the defendant for the conscious pain and suffering and wrongful death of his intestate, Elizabeth Bolton, who died in a motor vehicle collision with the defendant's bus. From a judgment for the plaintiff in the Superior Court and the denial of the defendant's motion for a new trial, the defendant appeals.

The defendant argues that the trial judge erred in precluding the defendant's expert witness from testifying on the results of his inspection of the bus for the Department of Public Utilities. The defendant also argues that the evidence was insufficient as matter of law to warrant recovery for conscious pain and suffering and wrongful death. We affirm the judgment.

1. *Exclusion of expert opinion.* The plaintiff alleged that the cause of his intestate's death was the malfunction of the brakes on the defendant's bus on December 27, 1985. Ten days after the accident, the bus was inspected by the Department of Public Utilities and the brakes were found to be working properly. On January 23, 1986, the engine and its attached equipment were removed from the bus, and the bus was placed in storage at the defendant's Everett facility on January 31, 1986.

On June 9, 1987, counsel for the plaintiff wrote to opposing counsel requesting that she determine the whereabouts of the bus and, if it remained under the defendant's control, to ensure its safekeeping as it was a vital piece of evidence. On July 13, 1987, defense counsel replied that she would inform plaintiff's counsel of the location and condition of the bus as soon as she heard from the defendant. On April 19, 1989, defense counsel advised the plaintiff's attorney that the engine had been removed from the bus on January 23, 1986, and the bus scrapped on January 31, 1986. In fact, the bus had not been scrapped on January 31, 1986, but rather was located at the defendant's body shop in Everett from January 1, 1986, until June 28, 1988, when it was scrapped. Because the plaintiff was not informed of the location of the bus or given an opportunity to inspect it before its destruction, the plaintiff filed a motion to preclude the defendant's expert

witness, the inspector of the bus for the Department of Public Utilities, from testifying to the results of his physical inspection of the bus after the accident.[1] The judge allowed the motion.

"The general rule to be followed in this Commonwealth is that all relevant evidence is admissible unless within an exclusionary rule." *Poirier* v. *Plymouth*, 374 Mass. 206, 210 (1978). In *Nally* v. *Volkswagen of America, Inc.*, 405 Mass. 191 (1989), the Supreme Judicial Court fashioned for civil cases a new exclusionary rule which requires a judge at the request of a potentially prejudiced litigant to preclude an expert opinion based on physical evidence which the expert has deliberately or negligently destroyed. *Id.* at 197-198. Relying on the *Nally* decision, the judge allowed the motion. The defendant argues that this was error because the rule should not apply to an expert employed by an independent State agency such as the Department of Public Utilities, whose chief concern is the general safety of the public, and that, absent a showing of bad faith, the defendant should be free to dispose of its vehicles involved in an accident after the completion of their inspection by an appropriate Federal or State agency, without the imposition of any sanctions. This argument misconstrues the holding in *Nally*.

In *Nally*, the Supreme Judicial Court held that the rule applied whether the expert's conduct occurred before or after he was retained by a party to the litigation and whether the destruction was deliberate or negligent. *Nally* v. *Volkswagen of America, Inc.*, 405 Mass. at 198. "The reason for the rule is the unfair prejudice that may result from allowing an expert deliberately or negligently to put himself or herself in the position of being the only expert with first-hand knowledge of the physical evidence on which expert opinions as to

---

[1] While the plaintiff did not file a motion to compel the defendant to produce the bus for inspection under Mass.R.Civ.P. 37(a)(2), 365 Mass. 797 (1974), we note that one of the sanctions for failure to provide discovery under Mass.R.Civ.P. 37(b), as amended, 390 Mass. 1208-1209 (1984), is the preclusion of certain designated matters in evidence, and its application requires no finding of wilfulness. *Roxse Homes Ltd. Partnership* v. *Roxse Homes, Inc.*, 399 Mass. 401, 405 (1987).

defects and causation may be grounded." *Ibid.* The rationale for the rule remains the same when a party, as in the present case, rather than an expert destroys the physical evidence. See *Graves* v. *Daley*, 172 Ill. App. 3d 35 (1988)(plaintiffs barred from presenting evidence regarding condition of furnace as sanction for destruction of furnace after it had been examined by plaintiff's expert but prior to defendant's inspection); *Strelov* v. *Hertz Corp.*, 171 A.D.2d 420 (N.Y. 1991)(motor vehicle lessor precluded from introducing evidence on condition of vehicle as sanction for selling vehicle for salvage without first providing the plaintiff an opportunity to inspect the vehicle); *Fire Ins. Exch.* v. *Zenith Radio Corp.*, 103 Nev. 648 (1987)(insurer was subject to sanction of exclusion of expert witness for destruction of evidence).

Here, the actions of the defendant had the effect of reserving to itself all expert testimony based upon the physical inspection of the bus after the accident. The trial judge's exclusion of the testimony of the inspector from the Department of Public Utilities merely prevented the defendant from exploiting its unwarranted advantage. "Trial judges have 'broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. . . . Within this discretion lies the power to exclude or deny expert testimony . . . and to exclude testimony of witnesses whose use at trial is in bad faith or would unfairly prejudice an opposing party.' " *Nally* v. *Volkswagen of America, Inc.*, 405 Mass. at 197, quoting from *Campbell Indus.* v. *M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980). In the circumstances, the judge did not abuse his discretion.

2. *Sufficiency of the evidence.* The defendant argues that the evidence was insufficient to warrant verdicts for conscious pain and suffering and wrongful death of the decedent. The defendant did not move for a directed verdict at the close of plaintiff's case or at the close of the evidence. Absent a motion for a directed verdict, the defendant is barred from challenging the sufficiency of the evidence before us. *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 846-847

(1983). *Hatton* v. *Meade*, 23 Mass. App. Ct. 356, 361-362 (1987).

In a motion for a new trial, however, the defendant argued that the verdict was against the weight of the evidence. Consequently, we review the evidence to determine whether the judge abused his discretion in denying the motion. In ruling on such a motion, a judge " 'must necessarily consider the probative force of the evidence and not merely the presence or absence of any evidence upon the disputed point.' " *Robertson* v. *Gaston Snow & Ely Bartlett*, 404 Mass. 515, 520 (1989), quoting from *Hartmann* v. *Boston Herald-Traveler Corp.*, 323 Mass. 56, 60 (1948). The judge should set aside the verdict "only if he is satisfied that the jury have failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law." *Hartmann* v. *Boston Herald-Traveler Corp.*, 323 Mass. at 60. *Gleason* v. *Source Perrier, S.A.*, 28 Mass. App. Ct. 561, 563 (1990).

The plaintiff presented the following evidence. His intestate, Elizabeth Bolton, was driving her car in an easterly direction on Washington Street in Newton in the early afternoon of December 27, 1985. The defendant's bus was proceeding in the opposite direction. As the two vehicles approached one another, the bus driver placed his foot gently on the brakes to slow down the bus. Suddenly, the Bolton vehicle made a left hand turn in front of the bus. The bus driver slammed his foot on the brakes. The two vehicles collided. After impact, the bus continued forward onto a curb, knocking down a small tree and hitting a parked car, before it came to rest. The bus left 130 feet of skid marks from its right rear tires, twenty-eight feet from its left rear tires, and no skid marks from its front tires. The brakes on the bus were air brakes. If functioning properly, all four brakes would lock almost simultaneously when the brake pedal was depressed and all the tires would leave skid marks.

At the moment the driver slammed his foot on the brakes the bus was travelling at twenty miles an hour or possibly less. The regulations of the Department of Public Utilities require that the bus be able to stop within twenty-five feet

when travelling at twenty miles an hour. The bus left ninety feet of skid marks from its right rear tires before the point of impact with the Bolton car.

The maintenance records of the bus disclosed that the bus had not undergone a maintenance check since November 11, 1985. The plaintiff's expert opined that the braking system was not operating properly and that its failure probably was due to the accumulation of moisture in the system which formed into ice preventing the pressurized air from reaching all of the brakes. He testified that this would not have occurred if the system had been maintained properly. General Laws c. 90, § 7, requires that the brakes on all motor vehicles be kept in good working order.

As a result of the accident, Elizabeth Bolton was knocked unconscious. An experienced paramedic, who accompanied her to the hospital, testified that she regained consciousness for a few minutes on her way to the hospital and was able to respond to verbal commands. She died seven days later at the hospital from her injuries.

This evidence was more than sufficient for the jury to form an honest and reasonable judgment that the accident was caused by the negligence of the defendant in failing to maintain in good working order the brakes on the bus and that its negligence was responsible for the death of Elizabeth Bolton. See *MacLean* v. *Neipris*, 304 Mass. 237, 238-240 (1939). The evidence of conscious pain and suffering was also sufficient. See *Carr* v. *Arthur D. Little, Inc.*, 348 Mass. 469, 475-478 (1965), and cases collected therein. There was no abuse of discretion in the judge's denial of the motion for a new trial.

*Judgment affirmed.*
*Order denying motion for*
*new trial affirmed.*