Lopez, J.
INTRODUCTION
Plaintiffs Ronna Johnson and Girard Mabe moved this court for Judgment of Liability, alleging that defendants Harvard University, George Oomen, Robert Jutras and John Wentzell destroyed evidence material to the litigation and that the destruction of evidence requires that this court grant plaintiffs judgment under the spoliation doctrine. Defendants moved this court in limine to strike plaintiffs’ claim of spoliation.
FACTS
On April 4, 1992, Plaintiff Ronna Johnson (Johnson) slipped and fell while walking over the threshold between the restroom and the shower room of the women’s locker room at the pool at the Malkin Athletic Center operated by Defendant Harvard University (Harvard). (Plaintiffs’ Amended Complaint, par. 13; Deposition of Ronna Johnson, p. 89.) As a result of this fall, Johnson underwent hip replacement surgery for her fractured hip and now expects to undergo additional surgery regularly throughout her life. (Plaintiffs answers to interrogatories 2, 3, and 5.)
On May 23, 1992, two private investigators hired by Johnson went to the Malkin Athletic Center to inspect the threshold where Johnson slipped. (Affidavit of William L. Saviano, and Affidavit of Grace C. Nottell.) The investigators identified themselves to the building manager, Robert Howley, who directed them to the threshold. After inspecting the threshold, the investigators gave Howley a copy of their business cards.
Once the investigators left, Howley called his supervisor, Alice McCabe, and informed her of the investigators’ visit. McCabe directed Howley to write and send a report to Fran Toland, the Senior Associate Director of Athletics at Harvard, as well as to send a copy to John Wentzell, an Associate Director of Athletics at Harvard and the Building Manager of the Malkin Athletic Center, and to place a copy in the Accident Report book. (Deposition of Alice McCabe, p. 77-78.) Howley followed McCabe’s instructions. (Plaintiffs Opposition, Exhibit I.)
In August of 1992, Johnson and her counsel visited the Malkin Athletic Center to investigate the threshold. (Deposition of Johnson, p. 140-41.) They took photographs of the threshold and the surrounding areas. Johnson then filed her complaint against defendants on August 7, 1993, and served defendants on August 26, 1993.
Johnson alleges that the threshold was a smooth terrazzo floor. (Plaintiffs Amended Complaint, par. 13.) Harvard alleges that the terrazzo floor was roughed up after its installation. (Deposition of Douglas R. Okun, p. 75.)
In August of 1993, Harvard began to replace the floor in the restroom and shower room of the women’s locker room at the Malkin Athletic Center. (Deposition of George Crook, p. 16.) Harvard decided to replace the floor because of its age in 1987, but delayed its replacement until 1993 because of budgetary concerns. (Deposition of Robert Jutras, p. 23.) The floor was completed by the end of August of 1993.[3] (Deposition of George Crook, p. 17.)
DISCUSSION
The spoliation doctrine applies, at the request of a “potentially prejudiced” party, when an expert or a party to an action has caused a change in or removed an item which is material to litigation, when the expert or party knew or reasonably should have known that the item was possibly relevant to litigation. Nally v. Volkswagen of America, Inc., 405 Mass. 191, 197-198 (1989); Bolton v. Massachusetts Bay Transportation Authority, 32 Mass.App.Ct. 654, 656 (1992). In such a case, the court should preclude testimony of the item regarding its status prior to its alteration or destruction. Id.
The policy underlying the spoliation doctrine is to prevent unfair prejudice to a party. Nally, 405 Mass. at 198; Bolton, 32 Mass.App.Ct. at 656. Unfair prejudice results where a party places herself in a position of having the only first-hand knowledge of an item of evidence or where a party destroys an item of evidence which is most persuasive for the other party. See id.
*157 When applying the spoliation doctrine, the court first makes findings of facts on the basis of adequate evidence regarding whether the party knew or should have known that the item was possibly relevant to any litigation and whether the item of evidence was altered or destroyed. Nally, 405 Mass. at 198. On the basis of those findings, the court applies the above standard to determine whether the spoliation doctrine applies. Id.
If the court concludes that the spoliation doctrine applies, the court has discretion to remedy any prejudice resulting to the other party. Nally, 405 Mass. at 197; Bolton, 32 Mass.App.Ct. at 657; Jackson v. Harvard University, 900 F.2d 464, 469 (1st Cir. 1990). The court can consider the following factors when determining whether and what sanction to apply: (1) whether the other party is prejudiced as a result of the alteration or destruction of the item; (2) whether the prejudice can be remedied; (3) the practical importance of the alteration or destruction of the item; (4) whether the party altered or destroyed the item in good faith; and (5) the possible abuse that can result if the evidence is not excluded. Headley v. Chrysler Motor Corp., 141 F.R.D. 362, 365 (D.Mass. 1991) (quoting Lewis v. Darce Towing Co., Inc., 94 F.R.D. 262, 266-67 (W.D.La. 1982)); Northern Assurance Co. v. Ware, 145 F.R.D. 281, 283 (D.Me. 1993).
The court finds that Harvard knew or should have known that the floor was potentially relevant to litigation when it destroyed the floor by replacing it in August of 1993. Harvard received notice of the potential relevancy of the threshold to litigation when Howley filed his report in the accident book prior to the replacement of the floor. See Blinzler v. Marriott Int’l, Inc., 81 F.3d 1148, 1159 (1st Cir. 1996) (the district court properly found that defendant had notice of the potential relevancy of document to litigation when it destroyed document because plaintiff had attempted to discover information in document though plaintiff had not yet filed her complaint). Furthermore, Johnson is prejudiced by Harvard’s destruction of the floor because photographs of the threshold will not be as persuasive as the actual threshold. See Nally, 405 Mass. at 198 (prejudice can result when items which are more persuasive are destroyed); Headley, 141 F.R.D. at 366 (prejudicial difference between experts testifying about the seatbelt and the jury’s own inspection of the seatbelt).
Because Harvard’s replacement of the floor results in prejudice to Johnson by eliminating her most persuasive evidence, the court finds that Harvard should not be allowed to present evidence of the status of the floor prior to its replacement. See Nally, 405 Mass. at 197-98; Bolton, 32 Mass.App.Ct. at 657 (trial court properly excluded expert testimony based on the physical inspection of a bus alleged to have caused death of plaintiff because defendant destroyed the bus before plaintiff had the opportunity to inspect it); Headley, 141 F.R.D. at 366-67 (plaintiff precluded from presenting expert testimony regarding defects in the vehicle which plaintiff failed to preserve for defendant’s inspection).
ORDER
For the foregoing reasons, the court ORDERS that defendants’ motion in limine to strike plaintiffs’ claim of spoliation is DENIED to the extent that defendants are precluded from presenting testimony of the condition of the surface of the threshold prior to its replacement.

 Harvard alleges that no experts for the defense examined the threshold before it was replaced. (Defendants’ Brief in Support of their Motion in Limine, p. 5.)