Fabricant, J.
After hearing on the cross-motions for summary judgment of the plaintiff and the defendant Bright Horizons, and review of all materials submitted in support of and in opposition to those motions, the Court concludes as follows.
1. Bright Horizons’ Motion.
The deposition testimony of Laura Chason-Sokol indicates that she observed changes in the behavior and personality of David Rees before and close in time to the alleged incident, that those changes were sufficiently noticeable to be a topic of discussion between her and others, and that she discussed those changes with Laura Batagowski, who responded that Rees was under stress. This testimony, accepted as true and considered in the light most favorable to the plaintiff for purposes of this motion, is sufficient to support inferences that a reasonable person in the position of Laura Batagowski would have or actually did make equivalent observations, and that Laura Batagowski was aware of information indicating that David Rees was under stress at the time arising from some cause not identified in the record but known or available to her. From these inferences the fact finder could conclude that a reasonable person in the position of the defendant would have increased the level of supervision of David Rees in his interactions with children, and that the lack of such increased supervision was a substantial contributing factor in causing the alleged incident. Accordingly, the testimony of Laura Chason-Sokol is sufficient to establish a genuine dispute of fact material to the allegations of count I of the complaint, and Bright Horizons’ motion must be denied as to count I.
In reaching this conclusion, I do not consider the affidavit of the plaintiffs’ proposed expert witness, because the affidavit does not present evicence of the witness’s familiarity with the relevant customary practices of operators of child care facilities, and does not present evidence of the existence or content of any standard of conduct among such facilities. The opinions stated in the affidavit appear to be the proposed expert’s own opinions as to sufficiency and reasonableness, without reference to any standard derived from any external source. In context, the reference in paragraph 8 of the affidavit to “the ordinary prudence customarily exercised by a child care facility” is merely a conclusion, unsupported by any evidence as to the existence or content of any customary practice. The affidavit thus fails to establish the admissibility of the proposed expert testimony.
Count II of the plaintiffs complaint alleges negligence on the part of Bright Horizons only with respect to the “hiring, employment, contracting and/or engagement” of David Rees.[1] The plaintiffs concede that they are unable to present evidence of negligence by Bright Horizons in the hiring of David Rees. Accordingly, Bright Horizons’ motion must be allowed as to count II.
2. The Plaintiffs’ Cross-Motion.
The evidence offered indicates that Bright Horizons, at a time when it was in a position to anticipate litigation based on the alleged incident, failed to preserve the videotape that was in its video monitoring system at the time of the events in issue. The evidence further indicates that under Bright Horizons’ usual practices with respect to the operation of the video system, that tape would have recorded information relevant to, but not dispositive of, the plaintiffs’ claims.[2] However, the testimony of Laura Batagowski, the only person who claims to have actually seen the videotape, is that it did not contain any recording of the time period of the alleged incident, suggesting that those usual practices were not followed. As the plaintiffs point out, Batagowski’s observation of the absence of relevant recording on the tape, assuming the truth of her testimony, does not eliminate the possibility that the tape itself, upon expert evaluation, would have yielded relevant evidence. If Rees tampered with the tape, so as to erase material that had been recorded on it, the tape itself might have yielded evidence of that fact upon expert examination, supporting an inference of consciousness of guilt on Rees’s part. On the other hand, the absence of such evidence, together with expert testimony that tampering would be detectible, would have supported the contrary inference.
Bright Horizons is thus in the position of a spoliator of potentially relevant evidence. See generally, Kippenhan v. Chalk Services, Inc., 428 Mass. 124 (1998). It remains to be determined, however, what remedy is appropriate in the circumstances. The plaintiffs’ proposed remedy of summary judgment as to liability finds no support in any reported appellate decisions. Of the Superior Court decisions the plaintiffs cite, none grants precisely the remedy sought here, although some grant remedies approaching that level of severity, in factual contexts substantially different from this.
*304 The remedy favored in the reported Massachusetts cases is the exclusion of expert testimony offered by the spoliator based on the expert’s examination of the destroyed evidence. E.g. Kippenhan, supra, at 126, citing Nally v. Volkswagen of America, Inc., 405 Mass. 191, 197 (1989). That remedy is not available here, since the spoliation occurred outside the context of any expert evaluation, and no expert testimony is offered based on examination of the lost tape. The most closely analogous remedy here would be exclusion of the testimony of Laura Batagowski as to her observations of the contents of the tape. A less drastic, and in the context perhaps more appropriate, remedy would be admission of all otherwise admissible evidence as to the tape, its contents, and its loss or destruction, along with an instruction to the jury that a finding of purposeful destruction of the tape would warrant an inference that it contained evidence adverse to the defendant. See Kippenhan, supra, at 128.
Issues of admissibility of evidence at trial, and instructions to the jury, are for the trial judge. For purposes of the present motion, it is sufficient to conclude, as I do, that appropriate remedies exist short of a grant of summary judgment that will suffice to prevent any prejudice to the plaintiffs from the defendant’s failure to preserve the tape. Accordingly, the plaintiffs’ cross-motion for summary judgment must be denied.
CONCLUSION AND ORDER
For the reasons stated, the defendant Bright Horizons’ Motion for Summary judgment is DENIED as to count I and ALLOWED as to count II. The Plaintiffs’ Cross-Motion for Summary Judgment is DENIED.

 At oral argument, plaintiffs counsel described count II as alleging negligence also in retention, training and supervision of Rees, as well as in overall management of the facility. On review, however, the Court finds no such allegations in count II of the complaint. To the extent that they are incorporated by reference from count I, the duplication adds nothing to the plaintiffs’ claims.

 The evidence is that one of the four cameras was directed at a view that would include the area outside the bathroom, so that it would have recorded persons entering or leaving the bathroom, providing an indication of the length of time that Rees and the minor plaintiff were both in the bathroom. No evidence indicates that the camera would have shown any activity inside the bathroom.