Agnes, Peter W., J.
I. Introduction
This is a civil action for damages in which plaintiff Kenneth MacLellan alleges that he was injured due to the negligence of the defendant Shaw’s Supermarket, Inc. (Defendant). According to the plaintiffs, the injury resulted from a defective “scissor lift” owned and operated by the defendant. On May 28, 2008, plaintiffs, Kenneth and Nicole MacLellan, filed a motion for sanctions against the defendant, Shaw’s Supermarkets, Inc., for spoliation of evidence. The plaintiffs motion alleges four instances of spoliation: the failure to preserve the scissor lift, destruction of the surveillance video, improper documentation of the incident, and inadequate maintenance records. The defendant answered, and a hearing was held on June 17, 2008. For the reasons explained below, the plaintiffs motion is allowed in part and denied in part.
II. Background
On August 26, 2003, Kenneth MacLellan was an employee of PepsiCo., delivering products to the Webster Square Shaw’s Supermarket in Worcester, Massachusetts. The loading and storage areas of the supermarket were at different levels; a scissor lift moved deliveries between the levels with minimal manual labor for the delivery personnel. Mr. MacLellan loaded his delivery onto the scissor lift and stepped on it himself. Mr. MacLellan was on the lift when it collapsed, and he alleges that the accident caused injuries to his leg.
Store Manager, Kevin Karle, heard the lift fall and went to the loading dock to see what had happened. He spoke with Mr. MacLellan and followed company procedure by filling out an accident report. He photographed the scene and took witness statements to complete this report, which was sent to Shaw’s risk management office in Stratham, New Hampshire. Mr. Karle also notified Mr. Gary Harney of Dock and Door Contractors, Inc., Shaw’s regular maintenance company for their three loading dock scissor lifts. Mr. *318 Harney inspected the lift that afternoon and concluded that it had to be replaced. On August 28, Mr. Karle agreed to have the scissor lift replaced by Mr. Harney.
On September 16, 2003, an attorney for Mr. MacL-ellan sent a letter to Shaw’s Supermarket. This letter requested the August 26 surveillance video of the loading area. Shaw’s standard procedure was to erase the video eveiy month or sixty days. It is unclear when the August 26 surveillance video was erased. The lift was removed and replaced in October 2003. The lawsuit was not filed until September 2004.
III. Discussion
“[P]ersons who are actually involved in litigation (or know that they will likely be involved) have a duty to preserve evidence for use by others who will also be involved in that litigation.” Fletcher v. Dorchester Mut. Ins. Co., 437 Mass. 544, 549-50 (2002). The doctrine of spoliation “is based on the premise that a party who has negligently or intentionally lost or destroyed evidence known to be relevant for an upcoming legal proceeding should be held accountable for any unfair prejudice that results.” Keene v. Brigham & Women’s Hosp., Inc., 439 Mass. 223, 234 (2003). The evidence must be relevant to a material fact. Gath v. M/A-COM Inc., 440 Mass. 482, 489-90 (2003). Sanctions may be appropriate for spoliation committed before the commencement of the action if the litigant knew or should have known that the evidence might have been relevant, and a lawsuit was likely. Kippenhan v. Chaulk Services, Inc., 428 Mass. 124, 127 (1998). “The threat of a lawsuit must be sufficiently apparent . . . that a reasonable person in the spoliator’s position would realize, at the time of spoliation, the possible importance of the evidence to the resolution of the potential dispute.” Id. Spoliation is not an independent cause of action. Fletcher v. Dorchester Mutual Insurance Company, 437 Mass. 544, 545 (2002).
a. The loss of the Scissor Lift
To impose sanctions for spoliation of the object alleged to have caused an injuiy, courts have required that the offending party was, or should have been, on notice of a potential lawsuit involving the object. The litigation need not have been pending when the evidence was destroyed. Kippenhan, 428 Mass. at 128. The object alleged to have caused the injuiy has consistently been deemed relevant. See Nally v. Volkswagen of America, Inc., 405 Mass. at 191, 197 (1989) (hatchback door latch on a Volkswagen Rabbit was alleged to have caused a wrongful death and was considered relevant for spoliation purposes). See also Gath, 440 Mass. at 489 (gate involved in collision with bicyclist was relevant for spoliation purposes); Kippenhan, 428 Mass. at 128 (stretcher involved in the accident was relevant for the purpose of spoliation of evidence sanctions); Bolton v. Mass. Bay Transportation Authority, 32 Mass.App.Ct. 654, 656 (1992) (defendant’s expert had altered and destroyed the bus involved in the collision and was alleged to have caused a wrongful death). Here, in view of the fact that the plaintiff alleges that the defendant negligently failed to properly maintain the scissor lift and that he was injured when it collapsed, it was the most important piece of evidence in the case. Its unavailability places the plaintiff at a great disadvantage.
Shaw’s Supermarket knew or should have known of a potential lawsuit when the scissor lift was removed and scrapped in October 2003. Within twenty-four hours after the accident, Store Manager Kevin Karle had filed an accident report with the defendant’s risk management office in New Hampshire. That report put the defendant on notice of a potential lawsuit arising out of this incident, but a proposal to have the lift replaced was still accepted two days later. After three weeks, an attorney’s letter requesting the August 26 surveillance video was received by the defendant. Defendant was put on notice twice and still had the lift destroyed. Contrast, McCarthy v. Van Aarle, Norfolk Superior Court, No. 0201959 (July 19, 2004) (Brady, J.) [18 Mass. L. Rptr. 186] (court declines to hold that the mere fact of an accident on one’s property should be enough to alert a property owner that he might be the target of a lawsuit).
The law does not impose unreasonable burdens on a party in relation to the duty to preserve evidence. Defendant was not expected to preserve the lift in its post-accident condition, as if it were a crime scene. This would have interfered with its business, impairing Shaw’s ability to load and unload goods sold in the store. Even though Shaw’s had the right to replace the lift, there is a significant difference between replacing it and disposing of it. Shaw’s had the right to have Mr. Harney remove the lift, but Shaw’s still needed to preserve it. Intentional or negligent disposal of evidence is what leads to spoliation sanctions, not removal of evidence to allow continued regular business.
b. The loss of the videotape
Failure to preserve records of an incident may also merit sanctions. See Wiedmann v. The Bradford Group, Inc., 444 Mass. 698, 706 (employment records deemed relevant for spoliation sanctions). See also Keene, 439 Mass. at 234 (medical records relevant for spoliation of evidence sanctions).
Mr. Karle and the defendant should have known to preserve the surveillance video. If the defendant had a duty not to dispose of the scissor lift, it was also on notice not to dispose of the surveillance video. The incident report filed by Store Manager Karle put the defendant on notice of a potential lawsuit. The defendant’s subsequent taping over the video was spoliation of that evidence. A surveillance video of the area where an accident that may include the actual sequence of events that resulted in the injuiy suffered by the plaintiff is material and relevant evidence, even if there is no certainly that the incident was captured by the video.
*319 c. Proper Documentation of the Incident
Improper documentation of the incident was not spoliation of evidence by Mr. Karle. The store manager followed his employer’s procedure in filing a report with the corporate risk management office within twenty-four hours. This incident report was neither the object that allegedly caused the injury as in Nally, nor was it a relevant record as in Wiedmann. The pictures taken by Mr. Karle may have their shortcomings in terms of evidential value, but this was not a loss or destruction of evidence.
d. Maintenance Records
The defendant has produced all maintenance records available. There is no evidence that further records were kept and now lost. Sanctions would be inappropriate.
IV. Remedy
The Court is to impose the least severe sanctions that would still properly alleviate the prejudice created by the spoliation of evidence. Keene, 439 Mass. at 235. The sanctions must be carefully tailored to remedy that prejudice. Fletcher, 437 Mass. at 551. The sanctions can be as minimal as preclusion of testimony and as severe as dismissal or default judgment where the spoliation was intentional. Id. at 550; Keene, 439 Mass. 235-36. Between these extremes, “[the] spectrum of remedies includes allowing the party who has been aggrieved by the spoliation to present evidence about the pre-accident condition of the lost evidence and the circumstances surrounding the spoliation— as well as instructing the jury on the inferences that may be drawn from spoliation.” Gath, 440 Mass. at 488.
This defendant, Shaw’s Supermarkets, Inc., was responsible for spoliation of two pieces of evidence: the scissor lift and the surveillance video. Simply not allowing Mr. Harney to testify for the defendant would not be sufficient to cure the harm suffered by the plaintiffs. As a result of the loss of these two pieces of evidence, the plaintiff lost the ability to re-enact the incident through a model or demonstration. Such evidence could have had a significant impact at a trial of their negligence claim. However, a default judgment against the defendant is too severe a sanction because the spoliation appears to have been negligent, not intentional.
Order
For the above reasons, the court orders the following sanction against the defendant. First, the defendant’s expert, Mr. Harney, should not be allowed to testify at trial. In addition, the Court is to instruct the jury on the following adverse inference against the defendant: “the scissor lift and surveillance video are not available for your consideration at this trial as a result of the conduct of the defendant, Shaw’s Supermarket, Inc. The jury may infer that if the evidence was available it would have helped Mr. and Mrs. MacLellan’s case against Shaw’s Supermarkets, Inc.”